[No. 8,291. Department One.—September 18, 1884.]

## T. ROBINETT, APPELLANT, *v.* D. A. McDONALD ET AL., RESPONDENTS.

LIBEL—PARTIES—VARIANCE.—Where several persons have been injured by the same libel, each has a separate cause of action, and must sue alone. Proof that the libel included others than the plaintiff is not a variance.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George D. Shadburne,* for Appellant.

*W. H. Fifield,* for Respondents.

The COURT.—The court below granted a nonsuit. It is urged by respondents that the order was proper, because the libel alleged in the complaint was not proved, but another and distinct libel, consisting of words published concerning plaintiff and another person—Robinett and *Kernan.*

No question of *partnership* is presented by the record. If plaintiff's name was annexed to the publication, so as to make the alleged libel applicable to him, it is immaterial that other names were also annexed to the libelous words, even though one of them was connected by the copulative "and" with the name of plaintiff. It is not a fatal variance when the words alleged in an action brought by A are "A committed forgery," and the proof "A and B committed forgery." (*Nichols* v. *Hayes*, 13 Conn. 155.) Plaintiff here proved substantially the words alleged by proving words including the words alleged — the latter constituting a libel. The proof of words in addition to the words alleged does not constitute a material variance, unless, at least, the additional words take away, detract from, or modify the legal effect of the words alleged. The rule is that when the injury is several, each person injured must sue alone. (Townshend S. & L. § 303, and note.)

Respondents further contend that plaintiff introduced no evidence to support the averments of the complaint:—

1. That certain of the defendants composed partnerships; or 2, that defendants as individuals of firms composed the "Millmen's Protective Association of the Pacific;" or 3, such association was not an incorporation, as alleged in the complaint; or 4, that the association had any connection with or caused the publication to be made. There was no such evidence.

Respondents further contend there was no evidence to show that defendants, or any of them, had any connection with or caused said publication to be made.

The complaint avers: "That at all of said dates said defendants, under the name of the 'Millmen's Protective Association of the Pacific,' published, or caused to be published and conducted, at the city and county of San Francisco, State of California, a quarterly printed publication, known as the *Revised Black List of the Millmen's Protective Association of the Pacific.* . . . . That for the quarter of the year ending May, 1877, said *defendants published* in said *black list* the following words of and concerning plaintiff, viz.," etc.

There was some evidence tending to prove admissions of defendant Asa R. Wells, showing that he had connection with, and, with others, caused the publication to be made.

The judgment is reversed in so far as it is a judgment in favor of the defendant Asa R. Wells, and is in other respects affirmed. The order denying a new trial as to all the defendants, except the defendant Asa R. Wells, is affirmed. As to the defendant Asa R. Wells, the order denying a new trial is reversed, and the cause is remanded for a retrial of all the issues as between the plaintiff and the said Asa R. Wells.

Hearing in Bank denied.