[Civ. No. 16611.   First Dist., Div. Two.   Apr. 10, 1956.]

THE PEOPLE, Respondent, v. ONE 1950 FORD SEDAN, ENGINE NO. BORH124104, Defendant; THE ANGLO CALIFORNIA NATIONAL BANK, Appellant.

Severson, McCallum & Davis, Severson, Davis & Larson, and James B. Werson for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The appeal in this case, in which the entitled automobile was forfeited to the state because of its use for transportation of contraband alcoholic beverage seizable under Business and Professions Code, section 25350, is restricted to the part of the judgment adjudging that plaintiff recover its costs from the appellant, the legal owner of the automobile, who filed an answer (Bus. & Prof. Code, § 25362), but did not introduce any evidence so that there was no proof of due investigation (Bus. & Prof. Code, § 25367). Appeal is also taken from the order taxing said costs. Whether and in how far costs were recoverable from appellant are the only questions involved. (The registered owner, who used the car for the illegal transportation, defaulted.)

Appellant does not deny that the forfeiture proceedings are within the range of actions and special proceedings for which Code of Civil Procedure, section 1032 provides for awarding of costs, but contends that said forfeiture proceedings are an action *in rem,* in which the costs can be recovered from the automobile, the *res,* only, not *in personam* from the claimant.

The contention that in a forfeiture procedure *in rem* the court had no jurisdiction to adjudge costs *in personam* was rejected by the United States Supreme Court in *Hipolite Egg Co.* v. *United States,* 220 U.S. 45, 58 et seq. [30 S.Ct. 364, 55 L.Ed. 364]. It was there said (at p. 59): "It may be . . . that 'in a suit *in rem,* unless some one intervenes, the power and process of the court is confined to the thing itself and does not reach either the person or property of the owner.' If, however, the owner comes in, or an intervenor does, his appearance is voluntary. He becomes an actor and subjects himself to costs. . . ." In *United States* v. *184 Barrels Dried Whole Eggs,* 53 F.Supp. 652, 654, the Hipolite Egg Co. case, *supra,* is cited for the rule: "Where a party is before the court in an in rem proceeding, the court has the power to render an in personam judgment against him." Although there is in this state no case applying the latter rule to costs in forfeiture proceedings, the general rule applies here also, (see *Brown* v. *Campbell,* 100 Cal. 635, 641 [35 P. 433, 38 Am. St.Rep. 314]; 13 Cal.Jur.2d 596, where said rule is applied to a nonresident whose property in this state has been seized and who appears although he was not personally served). If the court has jurisdiction over his person no good reason appears why an unsuccessful claimant of an interest in property subject to forfeiture should be in a better position with respect to costs than other unsuccessful claimants of interests

in property, against whom costs can be awarded. In quiet title suits those only who disclaim interest or default are exempt from costs. (Code Civ. Proc., § 739.) Costs can be recovered against a third-party claimant of property under execution. (*Maguire* v. *Corbett,* 119 Cal.App.2d 244, 251-252 [259 P.2d 507].) Appellant contends that the legislative intent not to subject the claimant in forfeiture proceedings to costs is shown by section 25370 of the Business and Professions Code, regulating the disposal of seized property, in connection with section 11625 of the Health and Safety Code which provides that proceeds of the sale of a vehicle seized by the State Division of Narcotic Enforcement, insofar as not ordered distributed to persons who have a bona fide interest in them, will be distributed to certain state agencies for expenditures in relation with the sale, forfeiture proceedings, storage, etc., of the vehicle, the remainder only going to the state treasury. Section 25370, *supra,* does not contain anything relating to costs. Section 11625, *supra,* relates to forfeiture in relation to narcotics only and is not here applicable, but even if it were applicable, the provision made for reimbursement of costs out of the proceeds would not necessarily prove that costs could not be recovered in any other manner. Even if a right to recover costs from unsuccessful claimants is recognized the provision for payment of expenses out of the proceeds remains of importance in all cases where no claimant appears or payment of costs cannot be obtained from him. We hold that awarding of costs against the appellant was legal.

The second contention is that, even if recovery of costs against appellant in the judgment was correct, the storage costs of the automobile, assessed against appellant from the date of its answer, were not a proper item of such costs. The Code of Civil Procedure in the general sections 1021 and 1033 provides for recovery of costs and disbursements but the code does not define these terms or specify what can be recovered under them. Section 1022 distinguishes between costs and disbursements. Section 1032, the section relating to costs in the superior court here applicable, mentions costs without mentioning disbursements. With respect to said costs *Moss* v. *Underwriters' Report, Inc.,* 12 Cal.2d 266, 274 [83 P.2d 503] holds as follows: "The term 'costs,' it has been said, means 'those fees and charges which are required by law to be paid to the courts, or some of their officers, or the amount of which is expressly fixed by law.'

(Citation.) The words 'necessary disbursements' should be similarly construed. Certainly the statute does not contemplate that a defendant must pay all of the successful plaintiff's expenses in connection with the litigation. The code authorizes the allowance of costs only, and the inclusion of 'necessary disbursements' in the section requiring one who claims costs to file a memorandum of them does not authorize a litigant to collect from his unsuccessful adversary the amount of any expense which is not allowable as an item of 'costs.' (Citation.)'' ■ The disbursements of plaintiff for the storage of the seized automobile are not taxable costs under the above rule: they were not to be paid to the court or any of its officers and their amount is not expressly fixed by law. It is true that the storage may have been reasonably necessary and that it was necessitated by appellant's unsuccessful answer, but under the above rule not all reasonable expenses are necessarily recoverable as costs. Respondent relies on *Maguire* v. *Corbett, supra,* 119 Cal.App.2d 244 in which this court held that storage costs of an automobile on which execution was being levied could be taxed against the unsuccessful third-party claimant insofar as her claim necessitated the storage. The case can be distinguished because the storage costs in that case were costs in aid of execution regulated in sections 1032.6 and 1033.7 of the Code of Civil Procedure which expressly permit the recovery of costs and disbursements reasonably and necessarily incurred in aid of collection of judgment and because said costs were incurred by the sheriff and had to be paid to him. Respondent also relies on some federal cases which assess storage costs of a seized automobile in forfeiture proceedings. In 20 Corpus Juris Secundum 450 expenses for care of property are treated as particular disbursements not included in the ordinary fixed items of taxable costs and it is stated that the decisions regarding the right to tax such expenses as costs, even if made by an officer, are not harmonious. Under these circumstances the federal cases cited cannot be decisive. Under the rule of the Moss case, *supra,* we must hold that the storage costs were not taxable. ■ Although the Code of Civil Procedure leaves the question of costs mainly to the discretion of the trial court, it does not justify the court in allowing costs not properly chargeable as such. (*Bathgate* v. *Irvine,* 126 Cal. 135, 149-150 [58 P. 442, 77 Am.St.Rep. 158].)

The order taxing costs is modified by striking therefrom the sum of $74.50 for automobile storage expenses and is

affirmed as modified. The judgment is affirmed with the exception of the inserted amount of costs which is ordered modified in accordance with the modification of the order.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied May 10, 1956, and respondent's petition for a hearing by the Supreme Court was denied June 6, 1956.