[S. F. No. 19686.    In Bank.    May 24, 1957.]

THE PEOPLE, Appellant, v. ONE 1953 FORD VICTORIA MOTOR B3PV 102617, Defendant; DEAN AND COMPANY (a Corporation), Respondent.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Appellant.

Severson, Davis & Larson, James B. Werson and George Brunn for Respondent.

TRAYNOR, J.—In this proceeding to forfeit an automobile for an unlawful transportation of narcotics (Health & Saf. Code, §§ 11610-11629) the facts are undisputed.

On June 10, 1953, Willie Smith purchased the automobile from a dealer in Bexar County, Texas. Smith executed a note for the unpaid balance of the purchase price and gave the dealer a chattel mortgage on the automobile to secure payment. On the same day, the dealer assigned the note and mortgage to respondent, a Texas corporation engaged in the business of financing the sales of automobiles.

The mortgage prohibited the mortgagor from removing the automobile from Bexar County without the written consent of the mortgagee. In violation of this prohibition and without the knowledge of respondent, Smith brought the automobile to California.

On September 23, 1954, Smith used the automobile in California to transport marihuana, and the automobile was seized. (Health & Saf. Code, § 11611.) On March 1, 1955, the attorney general filed a notice of seizure and intended forfeiture. (Health & Saf. Code, § 11612.) Respondent answered, asserting its mortgage.

The hearing disclosed that Texas has no law providing for the forfeiture of automobiles used in the unlawful transportation of narcotics; that at the time respondent accepted the assignment of the note and mortgage it had no information that would place it on notice that the vehicle was to be used unlawfully; and that respondent made no investigation of Smith's moral responsibility, character, and reputation. (See Health & Saf. Code, § 11620, *infra.*)

The trial court concluded "[t]hat the validity and effect of the lien of . . . [respondent] . . . is governed by the laws of the State of Texas, which do not require an investigation of the moral responsibility, character and reputation of the purchaser," and entered judgment providing that the automobile be forfeited to the state of California subject to respondent's lien for the unpaid balance of the purchase price, $722.84. The People appeal from the part of the judgment recognizing respondent's lien.*

The validity of respondent's mortgage is not in question. Admittedly the mortgage was valid in Texas, and it is valid here. (*Atha* v. *Bockius,* 39 Cal.2d 635, 639 [248 P.2d 745].) The People contend that despite the validity of the mortgage, respondent's interest in the automobile should be forfeited because respondent failed to investigate Smith's moral responsibility, character and reputation.

Section 11610 of the Health and Safety Code provides: "A vehicle used to unlawfully transport . . . any narcotic . . . shall be forfeited to the State." Section 11620 provides: "The claimant . . . may prove his . . . mortgage . . . to be bona fide and that his . . . interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser, and without any knowledge that the vehicle was being, or was to be, used for the purpose charged. . . ." Section 11622 provides: "In the event of

---

*Assignees of the registered owner defended against the forfeiture, and judgment was entered against them. They have not appealed. The trial court restricted the People's recovery of costs to the proceeds of the sale of the automobile remaining after the payment of respondent's lien. (See Health & Saf. Code, § 11625.) The People contend that they should have recovered costs generally against the unsuccessful parties (see Code Civ. Proc., § 1032), and that the trial court erred in limiting the recovery of costs to the proceeds of the sale of the automobile. (See *People* v. *One 1950 Ford Sedan,* 140 Cal.App.2d 647, 649 [295 P.2d 486].) The People did not appeal, however, from the part of the judgment pertaining to costs, and it is settled that on an appeal from a severable part of a judgment, other parts of the judgment that have not been appealed from will not be considered. (*American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 216 [246 P.2d 935].)

such proof, the court shall order the vehicle released to the . . . innocent . . . mortgagee, . . . it being the intention of this section to forfeit only the . . . interest of the purchaser.''

■ The statute makes it clear that it does not contemplate the forfeiture of the interest of an innocent mortgagee. (*People v. One 1941 Chevrolet Coupe,* 37 Cal.2d 283, 302 [231 P.2d 832].) To prove his innocence, however, a mortgagee whose interest arises out of a transaction in California must show not only that his mortgage is bona fide and that his interest was created without any knowledge that the vehicle was to be used unlawfully but also that he made the required ''reasonable investigation.'' Respondent has proved that its mortgage is bona fide; that it was created in another state without any knowledge that the vehicle was to be used unlawfully or even that it was to be taken to California; and that the automobile was brought here in violation of an express contractual prohibition against removing the vehicle not only from Texas but from a specified county therein. The question is whether under these circumstances the ''reasonable investigation'' required of a California mortgagee to avoid forfeiture of his interest applies to respondent.

■ By requiring a ''reasonable investigation'' to avoid forfeiture of their interests in the event of prohibited use of automobiles, section 11620 in effect regulates the conduct of persons financing, and thereby facilitating, the sales thereof. (*People v. One 1940 Ford V-8 Coupe,* 36 Cal.2d 471, 477 [224 P.2d 677]; *People v. One 1941 Chevrolet Coupe, supra,* 37 Cal.2d at 302; *People v. One 1941 Cadillac Club Coupe,* 63 Cal.App.2d 418, 421, 424 [147 P.2d 49].) To avoid forfeiture such persons are required to investigate the moral responsibility, character, and reputation of prospective purchasers and mortgagors to diminish the possibility that automobiles will be placed in the hands of persons likely to use them to transport narcotics unlawfully. As applied to persons financing the sales of automobiles in California, a forfeiture for failure to make the required investigation is not unreasonable. Such persons may reasonably be expected to be familiar with California statutes regulating their activities and to make the ''reasonable investigation'' necessary to protect their interests from forfeiture. In the absence of a plain legislative direction to the contrary, however, the statute cannot reasonably be interpreted as requiring such investigation when the sales are financed in other states and the vehicles are taken to California, not only without the knowledge of those financing the sales, but in violation of express contractual prohibi-

tions. (See *Atha* v. *Bockius, supra,* 39 Cal.2d at 639, 640, 643; *Mercantile Acceptance Co.* v. *Frank,* 203 Cal. 483, 487, 491 [265 P. 190, 57 A.L.R. 696] ; *North Alaska Salmon Co.* v. *Pillsbury,* 174 Cal. 1, 4 [162 P. 93, L.R.A. 1917E 642].) A person financing the sale of an automobile in Texas for use exclusively in that state will look to the laws of Texas for the determination of his rights and duties. He cannot reasonably be expected to familiarize himself with and comply in Texas with the statutes of the 48 or more jurisdictions into which the automobile could possibly be taken without his consent and in violation of express contractual prohibitions. Not only is section 11620 not made expressly applicable to an innocent mortgagee financing the sale of an automobile in another state for exclusive use there, but the statutory enumeration of relationships between the mortgagor and the state of California in the 1955 amendment to that section (Stats. 1955, ch. 1209, § 5), plainly indicates that in requiring a "reasonable investigation" to avoid forfeiture, the Legislature was preoccupied with California mortgagors and mortgagees.*

It is contended that a holding that the "reasonable investigation" requirement is not applicable to respondent will subvert the enforcement of California's narcotics laws. We are not persuaded that such dire consequences will ensue. The state may still forfeit the interest of the wrongdoer. It has done so in this case. Moreover, the Legislature has made plain its purpose not to forfeit the interests of innocent mortgagees. It has not made plain that "reasonable investigation" of the purchaser is such an essential element of innocence that it must be made even by an out-of-state mortgagee although such mortgagee could not reasonably be expected to make such investigation.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Spence, J., and McComb, J., concurred.

SCHAUER, J.—I concur in both the judgment and the reasoning upon which it is based, with the qualification that

---

*That amendment provides that if certain other circumstances are shown, a "reasonable investigation" shall be deemed to have been made if the mortgagee ascertained that: "(a) The . . . mortgagor was . . . the holder of any occupational or business license issued by the State of California, or (b) . . . an employee with tenure of the . . . State of California or of any political subdivision thereof or of any municipal corporation, or (c) . . . a commissioned or noncommissioned officer . . . of the State Militia, . . ."

I do not join in any implication, if there be such, that California could constitutionally (by "a plain legislative direction," or otherwise) require as a condition of upholding contracts made in other states by residents of those states that the parties to such contracts comply with California's "reasonable investigation" statute.

Appellant's petition for a rehearing was denied June 19, 1957.