[Civ. No. 34585. Second Dist., Div. One. June 11, 1969.]

WRITERS GUILD OF AMERICA, WEST, INC., et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; WILLIAM ALLYN et al., Real Parties in Interest.

Paul P. Selvin and Saul Cohen for Petitioners.

No appearance for Respondent.

Gold & Morton and Rosalie L. Morton for Real Parties in Interest.

FEINERMAN, J. pro tem.*—Petitioners are defendants in an action filed against them by real parties in interest, William Allyn, an individual, Everett Chambers, an individual,

---

*Assigned by the Chairman of the Judicial Council.

and Valentine Productions, an unincorporated entity wholly owned by Everett Chambers and the joint venture of William Allyn and Everett Chambers. The genesis of the complaint is the alleged publication and circulation of an "unfair list" by petitioners in which the three plaintiffs were designated as "Sub-standard Producers."

Plaintiffs' second amended complaint, in addition to other causes of action, contains three separate causes of action for libel, one by Allyn (the first cause of action); one by Chambers (the fifth cause of action); and one by Valentine Productions (the sixth cause of action). The complaint contains separate allegations of damage by each plaintiff and a separate "prayer" for each plaintiff.

At the time of the filing of the original complaint and the issuance of the summons, the three plaintiffs posted with the clerk of the superior court the total sum of $500 as and for the undertaking required by the provisions of section 830 of the Code of Civil Procedure. Petitioners subsequently filed a motion to dismiss in respondent court upon the ground "that plaintiffs and each of them have failed to file with the clerk sufficient written undertaking required in an action for libel or slander and that pursuant to the provisions of section 830 of the Code of Civil Procedure this action must be dismissed." Petitioners contend that said section is not complied with unless each of the three plaintiffs posts a $500 bond.

Respondent court denied the motion to dismiss and held that no additional security was required.[1] Petitioners then filed their application for a writ of prohibition with this court.

█ A writ of prohibition may issue if there is no other adequate remedy and the lower court is proceeding in excess of its jurisdiction (Code Civ. Proc., §§ 1102, 1103.) █ Petitioners do not have another adequate remedy if the respondent court is required under section 830 to compel the posting of the undertaking or dismiss the complaint. █ The order denying petitioners' motion to dismiss is not appeal-

---

[1]In its Minute Order of March 26, 1969 the court stated: "Costs were not recoverable at common law. Thus claims for costs must be based on statute. The measure of the statute is the measure of the right. (*Sime* v. *Hunter,* 55 Cal.App. 157 [202 P. 967]; and *People* v. *One 1950 Ford Sedan,* 140 Cal.App.2d 647 [295 P.2d 486, 60 A.L.R.2d 809].) The plaintiffs here have availed themselves of California's liberal rules of joinder. There is no statute providing for multiple bonds for multiple libel plaintiffs in a single action. Defendants' motion for order to dismiss is therefore denied."

able (Code Civ. Proc., § 963). This is a significant factor, for, as the court observed in *Kennaley* v. *Superior Court,* 43 Cal.2d 512, 514 [275 P.2d 1], "If petitioner were forced to trial without the required security and had to await relief on an appeal from the final judgment, he would not have the benefit of the security 'in the progress of the action' and the purpose of the statute would be defeated.

 ". . . Section 830 provides that an action for slander 'shall be dismissed', if an undertaking is not filed, and it is clear that prohibition will lie in cases where the *plaintiff* in a slander action, after timely objection, fails to file the required undertaking.''

 Addressing ourselves to the merits of the petition filed, the sole question presented is whether or not section 830 of the Code of Civil Procedure, on the pleadings before us, requires an undertaking in the amount of $500 to be filed by each of the three plaintiffs. In the circumstances of this case, we answer the question in the affirmative.

Section 830 of the Code of Civil Procedure provides: "Before issuing the summons in an action for libel or slander, the clerk shall require a written undertaking on the part of the plaintiff in the sum of five hundred dollars ($500), with at least two competent and sufficient sureties, specifying their occupations and residences, to the effect that if the action is dismissed or the defendant recovers judgment, they will pay the costs and charges awarded against the plaintiff by judgment, in the progress of the action, or on an appeal, not exceeding the sum specified. An action brought without filing the required undertaking shall be dismissed.''

In *Shell Oil Co.* v. *Superior Court,* 2 Cal.App.2d 348 [37 P.2d 1078] petitioners also sought a writ of prohibition to preclude the superior court from trying a libel case until the plaintiffs therein had first filed adequate cost bonds. The libel action was instituted by 10 former employees of Shell Oil Company, who had been discharged, against five defendants. It was alleged that Shell and its agents conspired with their co-defendant, Press Democrat Publishing Co., to maliciously and wrongfully publish in its newspaper a libelous article stating that plaintiffs were discharged from their employment with Shell for serious violations of the company policies. It was further alleged that the defendants, by innuendo, inferred that the plaintiffs had been discharged because of dishonest conduct on their part in handling transactions as employees of the company.

The plaintiffs joined in one complaint, but their causes of action were kept separate, and each sought $25,000 damages from the defendants. However, only one bond for costs in the sum of $500 was filed. In granting the writ of prohibition, the court stated on pp. 355-358: ''The statute requiring the filing of a bond for costs in a libel suit is to protect those who in good faith are exercising their constitutional guaranty of free speech and freedom of the press against the too common practice of instituting libel and slander suits inspired by mere spite or ill-will and without good faith. The act has been held to be constitutional. (*Smith* v. *McDermott,* 93 Cal. 421 [29 P. 34].) We are of the opinion that where no bond has been filed, or where an insufficient bond has been filed, after timely motion of the defendant to supply the necessary bond has been made, the court is without authority to refuse the application or to proceed with the trial in its absence. Under such circumstances prohibition is the proper remedy to prevent the exercise of an excess of jurisdiction.

''We are convinced the bond which was filed in this case is inadequate with respect to both the amount and the form of the undertaking. In effect this suit consists of seven separate causes of action on behalf of seven separate plaintiffs, each of which depends in part upon different proof to establish the damages which are independently sought by each complainant. The plaintiffs held different positions with the Shell Oil Company in different localities. These separate cases were consolidated for convenience in the trial thereof, under the provisions of section 378 of the Code of Civil Procedure. A separate judgment is demanded in favor of each plaintiff. In reality the case consists of seven separate actions by different plaintiffs which have been consolidated in the interest of economy of time and expense. . . . The spirit of the statute therefore requires that each plaintiff shall file a statutory bond of $500 to cover the defendants' costs in case the action is dismissed as to plaintiff or in the event the defendants recover judgment against any one of the plaintiffs for 'such costs and charges as may be awarded against the plaintiff by judgment or in the process of the action, or on an appeal.' We are, however, of the opinion that in lieu of a separate $500 bond on the part of each plaintiff, it would be sufficient if one bond were filed for a sum equivalent to seven times the statutory amount of $500 which is required by law of each plaintiff who maintains a separate cause of action, provided

the form of the undertaking othewise complies with the statute and clearly creates a liability against the sureties for costs against each individual plaintiff in the sum of $500. This liability is not created by the terms of the present bond. The sureties are therein limited to a total liability of 'not exceeding said sum of Five Hundred Dollars' . . . To hold that the present bond is sufficient destroys the very spirit and purpose of the statute. We conclude that the bond on file is inadequate with respect to both the amount thereof and the form of the undertaking." (See also *Bried* v. *Superior Court,* 11 Cal.2d 351, 354 [79 P.2d 1091] ; *Kennaley* v. *Superior Court, supra,* and *Brandt* v. *Superior Court,* 67 Cal.2d 437, 441 [67 Cal. Rptr. 429, 432 P.2d 31].)

██ We concur with the conclusion of the court in *Shell Oil Company* that a reasonable interpretation of section 830 necessitates a finding that the words "the plaintiff" mean "each plaintiff" when two or more plaintiffs in a consolidated action state independent causes of action and seek separate judgments, and that in such a case a single $500 bond is inadequate to meet the requirements of the statute.

In applying section 830 to the facts of this case, it is important to distinguish between the status of parties united in interest who must be joined as plaintiffs in a single action under section 382 of the Code of Civil Procedure and plaintiffs who are permissibly joined under section 378 of the Code of Civil Procedure. The latter have legally separate and distinct claims and might have brought separate actions; thus, each is "a plaintiff" as to his individual case or cause of action, but is proceeding under the statute which permits the claims of different plaintiffs to be decided in one action instead of many. (See 37 Cal.Jur.2d, secs. 28-29, pp. 351-353.) As stated in *Colla* v. *Carmichael U-Drive Autos, Inc.,* 111 Cal.App. Supp. 784, 788 [294 P. 378] : "The code section [Code of Civil Procedure, section 378] contemplates of course an action single in form, but with each 'case' or demand retaining its distinctive identity as though pleaded in an independent action. No plaintiff is interested in the entire complaint. The interest of each is in his own 'case' or cause of action ; and the complaint as a whole is merely a series of 'cases' embodied in one document. The institution of a joint action thus amounts to an election to consolidate at the outset several causes of action for trial instead of bringing several actions based on common grounds, and then having them consolidated later."

■ The general rule is that when two or more persons are affected by the same defamatory matter, the defamation is deemed several as to each of them, and each may therefore sue for it independently of the other. (*Robinett* v. *McDonald,* 65 Cal. 611 [4 P. 651].) ■ When a defamation directed against a partnership is of such a nature as to affect the partners personally, each partner may, in a separate suit, recover whatever damages he has personally sustained. (*Lewis* v. *Hayes,* 177 Cal.587 [171 P. 293].)

■ In the instant case each of the real parties in interest has filed a separate cause of action. Allyn and Chambers seek individual recoveries in their separate capacities and the firm of Valentine Productions also seeks an individual recovery. The prayer of the complaint is not for the gross damages of all the plaintiffs; it requests a separate award to each plaintiff for the damage suffered by each in accordance with the averments of the several counts. Accordingly, it is our conclusion that each was "a plaintiff" within the meaning of section 830 and each must file the required bond.

Let a peremptory writ of prohibition issue requiring the Superior Court of Los Angeles County to desist from further proceedings in case number 937571 until it has annulled its order of March 26, 1969 in said case and has made a new and different order requiring each of the plaintiffs therein to post security or file written undertakings in the amount of $500 with the right accorded to petitioners to subsequently move to dismiss the cause as to any of the real parties in interest who failed to provide the required security or undertaking within the time allowed after the order therefor was made.

Wood, P. J., and Thompson, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied August 6, 1969.