**John R. ROESGEN, Appellant,**

v.

**AMERICAN HOME PRODUCTS CORP., Appellee.**

**John P. BRINCKO, Appellant,**

v.

**AMERICAN HOME PRODUCTS CORP., Appellee.**

**Nos. 83–5692, 83–5693.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1983.

Decided Oct. 25, 1983.

Sue K. McDonnell, Donovan, Leisure, Newton & Irvine, Los Angeles, Cal., for appellee.

Edward M. Lazarus, Los Angeles, Cal., for appellant.

Before SKOPIL and PREGERSON, Circuit Judges, and MARQUEZ,* District Judge.

PREGERSON, Circuit Judge:

In this diversity case, appellants John Roesgen and John P. Brincko seek to invalidate a forfeiture provision in the compensation agreement they entered into with American Home Products Corporation (AHP).

Roesgen and Brincko, formerly employed by AHP at its New York headquarters, received contingent stock credits as part of AHP's Management Incentive Plan (MIP). Both men voluntarily left AHP to accept employment with California companies.

The MIP provided that an ex-employee who met all of the conditions of the plan would receive shares of stock in the amount of one-tenth of his or her contingent credits in each of the ten years following termination. One of the conditions of the MIP was that the employee refrain from engaging in employment with a competitor of AHP.[1] If AHP determined that a former employee had accepted employment with a competitor, all of the employee's rights to stock under the MIP were forfeited. AHP notified Roesgen and Brincko that their new employers were competitors of AHP and that stock payments would be discontinued.

Roesgen and Brincko brought suit, contending that the forefeiture provision is an illegal restriction on employment under Cal. Bus. & Prof.Code § 16600,[2] although they concede that the provision is valid under New York law. The district court entered judgment against Roesgen and Brincko on

the ground that California conflicts of law principles require application of New York law. We affirm.

■ A federal court exercising diversity jurisdiction looks to the conflicts of law principles of the forum state to determine the substantive law to be applied. *Sarlot-Kantarjian v. First Pennsylvania Mortgage Trust*, 599 F.2d 915, 917 (9th Cir.1979). The district court's decision to apply New York substantive law thus depends on an interpretation and application of California law. "Our review of the district court's interpretation of state law in diversity cases is limited: we may not overrule the court unless it is 'clearly wrong'." *Monte Carlo Shirt, Inc. v. Daewoo International (America) Corp.*, 707 F.2d 1054, 1056–57 (9th Cir. 1983) (citations omitted).

■ The district court's interpretation of California's conflicts of law principles is not clearly wrong. In *Strassberg v. New England Mutual Life Insurance Co.*, 575 F.2d 1262, 1263–64 (9th Cir.1978) (per curiam), we reviewed the development of California conflicts law to its present "comparative impairment" analysis. Before a California court makes a choice of law, it first considers the actual stake that the potentially concerned states have in the litigation. Although the preference is to apply California law, if the foreign state has a strong interest in the application of its own law, the court must examine the "comparative impairment" to each state's interest of the choice of one rule over the other.

On the subject of forfeiture clauses, New York and California have conflicting laws

---

* Honorable Alfredo C. Marquez, United States District Judge, District of Arizona, sitting by designation.

1. Section VI(4)(d) provided, in pertinent part, that:

No payment of a Contingent Cash Award or delivery from a Contingent Award Account shall be made to any employee after termination of employment unless he shall have to the date fixed for such payment or delivery (i) refrained from becoming or serving as an officer, director or employee of any individual, partnership or corporation, or the owner of

a business, or a member of a partnership which conducts a business in competition with the Company or renders a service (including, without limitation, advertising agencies and business consultants) to competitors with any portion of the business of the company . . . ."

2. Cal.Bus. & Prof.Code § 16600 provides: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

designed to further different state policies. New York law upholds forfeiture clauses in employment compensation agreements to further New York's policy favoring freedom to contract.[3]  Cal.Bus. & Prof.Code § 16600, on the other hand, invalidates such clauses, furthering California's policy favoring freedom of employment.[4]

We conclude that New York's interest in furthering freedom to contract by upholding the parties' expectations would be much more seriously impaired by applying California law than California's interest in furthering freedom of employment for its citizens would be impaired by upholding the MIP forfeiture clause.  Roesgen and Brincko entered into the MIP when they were New York residents employed at the company headquarters in New York.  Roesgen and Brincko earned their MIP credits in New York, substantially performing the contract there.  Thus their only legitimate expectations were that New York law would apply to disputes under the MIP.

It is only after Roesgen and Brincko left AHP and moved to California that any contacts with California arose.  A holding that such contacts are sufficient to apply California law over New York law would be an open invitation to forum shopping.  Any New York employee wishing to escape New York law could simply move to California and sue to invalidate the forfeiture clause in his compensation agreement.

This court has recently observed that when federal courts sitting in diversity "confront a situation not yet met by the California Supreme Court, we must fashion the rule we believe that court would follow were it confronted with a similar situation." *S.A. Empresa de Viacao Aerea Rio Grandense v. Boeing Co.,* 641 F.2d 746, 752 (9th Cir.1981).

Although the California Supreme Court has not addressed the particular issue in the case at bar, two opinions authored by Justice Traynor suggest that the court will decline to apply California law when the facts indicate that the parties' only reasonable expectations were that the law of a foreign state would apply.  In *Bernkrant v. Fowler,* 55 Cal.2d 588, 594, 12 Cal.Rptr. 266, 360 P.2d 906 (1961), the court held that "[t]he basic policy of upholding the expectations of the parties by enforcing contracts" precluded application of the California Statute of Frauds to a case where plaintiffs resided in Nevada, the contract was made in Nevada, and the plaintiffs performed it there.  Similarly, in *People v. One 1953 Ford Victoria,* 48 Cal.2d 595, 311 P.2d 480 (1957), the court declined to apply California law requiring a mortgagee to forfeit his interest in an automobile which the mortgagor uses to transport narcotics.  The mortgagee, a Texas automobile dealer, could not "reasonably be expected to familiarize himself and comply in Texas with the statutes of the 48 or more jurisdictions into which the automobile could possibly be taken without his consent . . . ."  *Id.* at 599, 311 P.2d 480.

Since we believe that the California Supreme Court would apply New York law in the case at bar, we AFFIRM the district court's judgment.

**3.**  *See Kristt v. Whelan,* 4 A.D.2d 195, 164 N.Y. S.2d 239 (1st Dept.1957), *aff'd without opinion,* 5 N.Y.2d 807, 155 N.E.2d 116, 181 N.Y.S.2d 205 (1958);  *Diakoff v. American Re-insurance Co.,* 492 F.Supp. 1115 (S.D.N.Y.1980).

**4.**  In *Muggill v. Reuben H. Donnelley Corp.,* 62 Cal.2d 239, 242–43, 42 Cal.Rptr. 107, 398 P.2d 147 (1965), the California Supreme Court held a forfeiture clause like MIP paragraph VI (4)(d) invalid under § 16600.