**Charles E. ABELS & Irene C. Abels, Plaintiffs,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant.**

Civ. A. No. 83–1885.

United States District Court, W.D. Pennsylvania.

Nov. 6, 1984.

1462

Daniel P. Powell, Los Angeles, Cal., Mark Aronson, Pittsburgh, Pa., for plaintiffs.

Paul K. Geer, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

This case is before us on Defendant's Motion to Dismiss the Plaintiffs' Complaint. The basis of the motion is the alleged failure by Plaintiffs to comply with the one-year limitation-of-suit provision contained in the fire insurance policy issued to Plaintiffs by the Defendant, State Farm Fire and Casualty Company ("State Farm"). After careful consideration of the briefs filed and the relevant law, we will grant Defendant's motion.

*Facts and Procedural History*

This lawsuit arises as a result of a fire which occurred at the Plaintiffs' home in Beaver Falls, Pennsylvania on or about October 19, 1981. At that time, the Plaintiffs were Pennsylvania residents; they now reside in the State of California.

In November 1981, the Plaintiffs filed a fire loss claim with Defendant pursuant to the insurance policy. The policy had been issued in Pennsylvania; Defendant's Pittsburgh office investigated the claim and subsequently denied coverage on August 31, 1982 for various reasons, including the conclusion that the fire was incendiary in origin and caused by the Plaintiffs. *See*

Declaration of Daniel P. Powell in Support of Motion to Remand, at 3–4.

On December 2, 1982, more than one year after the fire, the Plaintiffs filed this suit in Superior Court for Los Angeles County, California, for breach of the insurance contract. The Defendant removed the case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1446, and subsequently filed a motion pursuant to 28 U.S.C. § 1404(a) to change venue to this court. The motion to transfer was granted. Defendant then filed in this Court the Motion to Dismiss, asserting a failure to satisfy the limitation-of-suit provision contained in the insurance contract. That provision provides in part:

8. *Suit Against Us.*

No action shall be brought unless ... the action is started within one year after the occurrence causing loss or damage.

*See* Complaint, Ex. B., p. 8, ¶ 8.

The Plaintiffs agree that, under Pennsylvania law, the action would have to be dismissed for failure to bring the action within the one-year limitation period. However, Plaintiffs contend that we must apply California law, under which, arguably, the claim would not be barred.

*Discussion*

■ In deciding whether or not the claim is barred for untimeliness, we must first determine which state's law is applicable. That question is controlled by *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) which holds that, following a § 1404(a) transfer, the transferee court must apply the law of the state of the transferor. Thus, we must look to the choice of law rules followed by a court sitting in California to determine which law must be applied. *See also Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 164 (3d Cir. 1980), *rev'd on other grounds*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

■ A California court, in a diversity action, would apply California's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Strassberg v. New England Mutual Life Ins. Co.*, 575 F.2d 1262 (9th Cir.1978); *Browne v. McDonnell Douglas Corp.*, 504 F.Supp. 514, 515 (N.D. Cal.1980).

California uses "governmental interest" analysis as its choice of law rule. *Reding v. Texaco, Inc.*, 598 F.2d 513, 517 (9th Cir. 1979). The approach taken by California courts has developed significantly since the original enactment of California Civil Code § 1646, which provided that a contract is to be interpreted according to the law and usage of the place of performance, or if no place of performance is specified, according to the law of the place where the contract was made. *Strassberg v. New England Mutual Life Ins. Co.*, 575 F.2d 1262, 1263 (9th Cir.1978).

■ Presently, before a California court makes a choice of law, it considers the actual stake that potentially-concerned states have in the litigation. *Roesgen v. American Home Products Corp.*, 719 F.2d 319, 320 (9th Cir.1983); *Reding v. Texaco, Inc.*, 598 F.2d at 517; *Strassberg*, 575 F.2d at 1264 (citing *Hurtado v. Superior Court*, 11 Cal.3d 574, 114 Cal.Rptr. 106, 522 P.2d 666 (1974); *Reich v. Purcell*, 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 (1967)). A "true" or "real" conflict, as opposed to an "apparent" conflict, exists only when more than one state has a legitimate interest in applying its policy, which differs from that of the forum state. *In re Northern Dist. of California "Dalkon Shield" IUD Products*, 526 F.Supp. 887, 915 (N.D.Calif.1981). If no true conflict exists, the law of the interested state is applied. *Camp v. Forwarders Transport, Inc.*, 537 F.Supp. 636, 638 (C.D.Calif.1982).

■ If two or more states each have a legitimate interest in the application of their laws and policies, California applies the comparative impairment test, which seeks to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state. *Id.* The conflicts are resolved by applying the law of the state whose inter-

ests and policies would be more impaired if its law were not applied. *Id.* (citing *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 320, 128 Cal.Rptr. 215, 219, 546 P.2d 719, 723 (1976)). The view taken by some California courts that the law of the forum will be displaced only where a compelling reason exists has been overruled, implicitly by *Bernhard, supra*, and explicitly by *Cable v. Sahara Tahoe Corp.*, 93 Cal.App.3d 384, 393, 155 Cal.Rptr. 770, 776 (1979). *See Forwarders Transport*, 537 F.Supp. at 639.

*Application of Choice of Law Rules*

 Both California and Pennsylvania require that every standard form fire insurance contract contain a one-year limitation-of-suit provision. *See* Calif.Insurance Code § 2071 (West 1972); 40 P.S. § 636 (Purdon 1971). In this respect, the states do not differ.

Plaintiff refers, however, to the case of *Zurn Engineers v. Eagle Star Ins. Co.*, 132 Cal.Rptr. 206, 61 Cal.App.3d 493 (1976), arguing that under *Zurn*, the Complaint would not be time-barred. *See* Plaintiff's Brief in Opposition to Motion to Dismiss, at 4. Plaintiffs argue that the limitations-of-suit provision began to run on April 4 and 5, 1982, the dates they were required to cooperate with the insurance company by giving deposition testimony. Since the lawsuit was filed on December 2, 1982, Plaintiffs argue that the limitations-of-suit provision was not violated. *Id.*

Initially, we must decide whether California's insurance law was intended to cover the case at bar. We conclude that it was not so intended. Plaintiffs' policy was issued in Pennsylvania while Plaintiffs were Pennsylvania residents. The policy covered real estate located in Pennsylvania.

A state clearly has a strong interest in having its own laws govern the purchase and issuance of insurance on real property within its boundaries. To permit parties to avoid application of a state's laws merely by subsequently moving to another state would be an open invitation to forum shopping. *See Roesgen v. American Home*

*Products Corp.*, 719 F.2d 319, 321 (9th Cir.1983).

Similarly, we do not believe that California has a strong interest in applying its insurance laws to transactions which occur wholly in other states, at points in time when neither of the parties to the transaction were citizens of California. To hold otherwise would, in the context of our highly-mobile society, provide intolerable uncertainty in contractual relations. We hold that no conflict exists between the law of California and the law of Pennsylvania; thus, "we can give effect to the common policy of both states to enforce lawful contracts and sustain [Pennsylvania's] interest in protecting its residents and their reasonable expectations growing out of a transaction substantially related to that state without subordinating any interest of [California]." *Bernkrant v. Fowler*, 55 Cal.2d 588, 594, 12 Cal.Rptr. 266, 360 P.2d 906, 909 (1961).

Even had we found California law applicable, we do not believe that *Zurn Engineers v. Eagle Star Ins. Co.*, 61 Cal.App.3d 493, 132 Cal.Rptr. 206 (1976) governs the present case. In *Zurn*, a California appellate court grappled with the definition of the phrase "inception of the loss" for purposes of a limitations-of-suit provision.

The Plaintiff in *Zurn* was engaged in a major construction project with the City of Palo Alto in which certain pipes involved in the construction were damaged. After the damage, both parties negotiated as to whether the cause of the damage lay in construction processes or design. Design defects were not covered by the policy, and Zurn initially sought to have the City accept responsibility under this theory. 206 Cal.Rptr. at 210. Since the insurer required a sworn statement as to the cause of damage, Zurn was foreclosed from taking an inconsistent position with its insurer during the negotiations with the City. When the City denied liability on a theory of design defect, Zurn filed a proof of loss statement with its insurer on a different theory. It brought suit against its insurer

nine months later, and 25 months after the damage occurred. *Id.* at 210.

The California appellate court held that, under these facts, the running of the statutory period governing limitations of suits was deferred until a position seeking to attach liability to a third party proves unavailing to the Plaintiff. *Id.* We find the case limited to these facts, and find nothing to indicate a shift in policy to extend protection to insurance transactions occurring between citizens of states other than California before changes of domicile.

*Pennsylvania Law*

 As stated, 40 P.S. § 636 provides that all standard fire insurance contracts prepared in Pennsylvania must contain a one-year limitation of action provision. The Pennsylvania Supreme Court has consistently upheld the validity of this provision and, further, has ruled that the insurer need not show prejudice in order to assert the limitation provision as a defense. *See Schreiber v. The Pennsylvania Lumberman's Mutual Insurance Company,* 498 Pa. 21, 444 A.2d 647 (1982); *Petraglia v. The American Motorists Insurance Company,* 498 Pa. 32, 444 A.2d 653 (1982); *General State Authority v. Planet Insurance Company,* 464 Pa. 162, 346 A.2d 265 (1975); *Lardas v. Underwriters Insurance Company,* 426 Pa. 47, 231 A.2d 740 (1967).

Since Pennsylvania law controls this question, we hold that the one-year limitation of action provision embodied in the insurance contract at issue is valid. Since the Plaintiffs did not file their claim within this prescribed period, their claim is untimely and must therefore be dismissed.