139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ROSCO, INC., a New York Corporation, Plaintiff-Appellee,
v.
TIG INSURANCE COMPANY, a California Corporation, Defendant-Appellant.
 Nos. 97-15134, 97-15456.
 United States Court of Appeals, Ninth Circuit.
 Feb. 18, 1998.
 
 Appeal from the United States District Court for the Northern District of California Thelton E. Henderson, District Judge, Presiding.
 Before GOODWIN, KOZINSKI and THOMPSON Circuit Judges.
 MEMORANDUM*
 TIG Insurance Company appeals the district court's summary judgment in favor of Rosco, Incorporated. TIG claims that the district court used the wrong test to determine the applicable law, leading it to apply California law. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.
 New York law governs this contract. As a diversity action, the district court applies the choice of law rules of the forum. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941). We have noted that "[t]here appears to be some difference of opinion [among California courts] as to whether California's choice of law rule for contracts is the governmental interest test ... or the test of Cal. Civ.Code § 1646." Arno v. Club Med Inc., 22 F.3d 1464, 1468 n. 6 (9th Cir.1994).
 In this case, however, New York law applies under both tests. Under § 1646, the place of performance determines applicable law. Rosco obtained insurance from TIG through a broker based in New York. This broker billed Rosco and Rosco paid the premiums to the broker. This court has held that where the premiums have been paid constitutes the place of performance. Baekgaard v. Carreiro, 237 F.2d 459, 464 n. 3 (9th Cir.1956).
 Moreover, facts show that the parties' expectations were that New York law would apply. Rosco's principal place of business was in New York. As noted, Rosco obtained the insurance in New York. Finally, amendments were made to the contract entitled "New York Changes" in capitalized bold letters. Rosco argues that because it runs a nationwide business, the parties' expectations were that "Rosco's liability to a third party would be governed by the law of whatever state in which a claim may be brought." Rosco, Inc. Brief at 19. The parties' expectations as to the law determining Rosco's liability is irrelevant, however. The relevant expectation is the law determining TIG's duties to Rosco. Accordingly, New York law applies even under the governmental interest test. See Roesgen v. American Home Products Corp., 719 F.2d 319, 321 (9th Cir.1983). We remand the question of TIG's liability under New York law to the district court.
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3