[Civ. No. 13767.   Second Dist., Div. Two.   Oct. 27, 1942.]

EAGLE OIL & REFINING CO. INC. (a Corporation), Respondent, v. B. H. PRENTICE, Appellant.

162

B. H. Prentice in pro. per. for Appellant.

No appearance for Respondent.

WOOD (W. J.), J.—Plaintiff recovered a judgment against defendant in the superior court, which on an appeal by defendant was reversed by the Supreme Court. Upon the going down of the remittitur defendant filed a memorandum of costs and disbursements, which on motion of plaintiff was retaxed by the court and items totaling $39.48 were disallowed. Defendant has appealed from that part of the order which disallowed these items. No brief has been filed on behalf of plaintiff.

Among the items which defendant claims were erroneously disallowed by the trial court was the sum of $7.49 which, according to defendant's brief, was the cost of "service of briefs, petitions, etc."; the sum of $.50, designated as "cost printed copy decision and opinion of District Court of Appeal"; also the sum of $29.99, which defendant states was expended for "stenographic hire" in the preparation of his briefs before delivery to the printer. These expenditures are not chargeable as costs and the court did not err in disallowing them. Section 1034 of the Code of Civil Procedure provides that no amount shall be allowed as costs for printing briefs in excess of $100. Defendant argues that "an appellant, appearing in *propria persona*, just cannot dictate the subject matter to the printer by word of mouth and to require it to be written out in longhand is simply asinine." The predicament of defendant does not justify the court in allowing

an expenditure which is not permitted by the statute. (*Sime* v. *Hunter*, 55 Cal.App. 157 [202 P. 967].)

Defendant contends that the court erred in disallowing the sum of $1.50, notarial fees for making proof of services of the notice of appeal, of copies of the petition for a rehearing in the District Court of Appeal, and of copies of the petition for a hearing in the Supreme Court. A reversal of the order would not be justified because of the action taken by the trial court as to these three items. "The law disregards trifles" (Civ. Code, § 3533; see *Connell* v. *Harron et al.*, 7 Cal.App. 745 [95 P. 916], where the doctrine *de minimus non curat lex* was applied to a claim in the sum of $7.85.)

The order is affirmed.

Moore, P. J., and McComb, J., concurred.