[Civ. No. 23323.  Second Dist., Div. Two.  Jan. 15, 1959.]

R. W. AGNEW, Appellant, v. JOHN A. CRONIN, Respondent.

R. W. Agnew, in pro. per., for Appellant.

Montgomery G. Rice for Respondent.

FOX, P. J.—Plaintiff brought an action for damages against John A. Cronin and others. (See *Agnew* v. *Cronin,* 148 Cal.App.2d 117 [306 P.2d 527].) Thereafter plaintiff sought to take the deposition of defendant Cronin, during the course of which Cronin refused to answer certain questions. Plaintiff thereupon filed a petition for a writ of mandate to compel Cronin to answer the questions. This court granted the petition (see *Agnew* v. *Superior Court,* 156 Cal. App.2d 838 [320 P.2d 158]) and ordered that plaintiff ''shall recover his costs'' (p. 841.) Plaintiff filed in this court, prior to the remittitur being issued, a request for allowance of his costs and damages, and that the judgment be modified so as to include such items. Cronin filed a notice of motion to tax costs. This court thereupon entered the following order: ''Petitioner's request to fix costs and respondent's motion to tax costs, are denied without prejudice to the making of appropriate motions in the superior court in the case of *Agnew* v. *Cronin, et al.,* No. 65435.''

Thereafter Agnew filed in the trial court a memorandum of costs and damages claimed by him in the mandamus proceeding. This memorandum consists of 15 items totaling $652.50. Item 1 is fee for filing petition for writ of mandate, $7.50; Item 2, notary fee for verifying petition for writ of mandate, $.50; Item 3, service fee and mileage for serving copy of alternative writ of mandate on the superior court, $1.35; Items 4, 5, 6, 10, 11, 12, 14 and 15 cover charges for typing various papers and documents and copies thereof that were filed in connection with the mandamus proceeding; Item 7 represents notary public fee for typewriting citation to superior court re refusal of Cronin to answer questions at deposition hearing, $7.50; Item 8 is for "Legal advice and legal research work from attorney Wilbur F. Littlefield for his services concerning R. W. Agnew [petitioner] obtaining a writ of mandate in order that John A. Cronin be compelled to answer questions re deposition." Item 9 is for time lost by Agnew in making trips, holding conferences and investigating possibility of obtaining a writ of mandate to compel Cronin to answer questions at deposition hearing; Item 13 is for "Mental pain, grief, distress, torment, worry, anguish, anxiety, annoyance, inconvenience, discomfort, and headaches suffered by R. W. Agnew in attempting to require John A. Cronin to answer questions at his deposition which he refused to answer."

Cronin, in due course, filed a motion to tax costs in which he sought to have stricken all of the above mentioned items except Items 1, 2, and 3.

Agnew filed notice of motion to have his costs and damages fixed in accordance with the above mentioned memorandum. At the hearing on these two motions the court taxed the costs at $16.85, this being the total of Items 1, 2, 3 and 7. The court granted Cronin's motion to disallow, and ordered stricken all other items. It is from these orders that Agnew appeals.

■ By the terms of section 1095, Code of Civil Procedure, a successful petitioner in a mandamus proceeding is entitled to recover his costs. It was pursuant to this authority that we held in *Agnew* v. *Superior Court*, 156 Cal.App.2d 838 [320 P.2d 158], that "Petitioner shall recover his costs" (p. 841). But it will be noted that we stated "costs"—nothing more. ■ As said in *Pezel* v. *Yerex*, 56 Cal.App. 304, at page 311 [205 P. 475], "The term 'costs' has a well-defined legal meaning, and includes only taxable costs, that is, those expenses which are incurred by parties in prosecuting or de-

fending actions or proceedings and which may be taxed against the losing party." Costs are defined by Mr. Justice Vallée in *Estate of Bevelle*, 81 Cal.App.2d 720, 722 [185 P.2d 90], as follows: "The term 'costs' means those fees and charges which are required by law to be paid to the courts or some of their officers, or the amount of which is expressly fixed by law." This definition is based upon and supported by *Moss* v. *Underwriters' Report, Inc.*, 12 Cal.2d 266, 274 [83 P.2d 503], and *Blair* v. *Brownstone Oil & Refining Co.*, 20 Cal.App. 316 [128 P. 1022]. ▇ In *Estate of Johnson*, 198 Cal. 469, 471 [245 P. 1089], it is pointed out that "The right to recover costs exists solely by virtue of statute. Consequently an award of costs can be justified only if permitted by some statutory provision, and the measure of the statute is the measure of the right." To the same effect see *Moss* v. *Underwriters' Report, Inc., supra,* and *Gerstein* v. *Smirl*, 70 Cal.App.2d 238, 239 [160 P.2d 585].

Applying these principles to the items here involved it is clear that the trial court ruled correctly in disallowing and striking each of the disputed items and in taxing the costs at $16.85.

▇ There is no provision in law for allowing as costs the items (4, 5, 6, 10, 11, 12, 14 and 15) covering the employment of Helen Pattinson to type various and sundry documents that plaintiff served and filed or otherwise used during the course of the mandate proceeding. Miss Pattinson was not an official court reporter and it does not appear that any of these documents were prepared pursuant to any court order. The work of Miss Pattinson was such as is performed every day in any law office by the stenographic personnel. She was simply the private employee of Agnew just as any stenographer is an employee of the person for whom she works.

▇ By item 8 Agnew seeks to recover as costs the fee of Attorney Littlefield for the legal services he rendered. Attorney's fees in a mandate proceeding may not be recovered as costs. (*Holbrook* v. *Board of Education*, 113 Cal.App.2d 840 [249 P.2d 29].)

▇ Item 9 relates to loss of time by Agnew in connection with the mandate proceeding, and item 10 to asserted damages for mental pain and anguish suffered by him in attempting to require Cronin to answer questions which he refused to answer when his deposition was taken. There is no provision in law for allowing either of these items as costs.

No useful purpose would be served by analyzing the multitude of cases cited by plaintiff. The principles that are decisive of this appeal are simple and clear, and their application demonstrates its lack of merit.

The orders appealed from are affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied February 4, 1959, and appellant's petition for a hearing by the Supreme Court was denied March 11, 1959.