[Civ. No. 23786. Second Dist., Div. One. Nov. 6, 1959.]

MORRIS LAVINE, Appellant, v. ROGER JESSUP et al., Respondents.

Morris Lavine, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), William E. Lamoreaux, Assistant County Counsel, Edward A. Nugent, Deputy County Counsel, and William J. Cusack for Respondents.

LILLIE, J.—This is an appeal from orders which (1) denied plaintiff's motion to strike defendants' cost bill on appeal and (2) disallowed "counter-costs" on appeal incurred by plaintiff. Pointing to certain preliminary successes achieved by him on the appeal in the main case prior to its disposition on the merits, plaintiff contends that the trial court erred in failing to make an equitable, or any, apportionment of the costs he claimed were incurred. A careful review of the history of the within litigation and the record before us, convinces us that there is no merit to his position.

On January 19, 1956, plaintiff filed a notice of appeal from a judgment of dismissal entered upon an order sustaining several demurrers, and from an order striking the fourth and last amended complaint. On November 2, 1956, this court denied respondents' motion to dismiss the appeal (Cal.App.) 302 P.2d 864. Contrary to the averment in appellant's verified memorandum of costs, respondents, and not appellant, thereafter successfully sought by way of petition a hearing in the Supreme Court; and furthermore appellant did not even file an answer to that petition. However, on May 28, 1957, the Supreme Court also denied respondents' motion to dismiss (48 Cal.2d 611 [311 P.2d 8]). Continuing with the appeal in this court, appellant filed his briefs, and respondents moved to strike certain portions of his opening brief and part of a supplemental brief. On August 27, 1957, the motions were granted (Cal.App.) 314 P.2d 528. Appellant, by typewritten petition, then sought a hearing thereon in the Supreme Court. The petition was granted and thereafter by minute order, dated January 7, 1958, the motions to strike were denied and the cause was transferred to this court. The appeal was thus heard on its merits and on June 4, 1958, the judgment of the trial court was affirmed (161 Cal.App.2d 59 [326 P.2d 238]); and although appellant's brief states that the decision "was not reviewed by the Supreme Court," the record shows that a petition for hearing in that court was denied on July 30, 1958. The remittitur provided "(r)espondent to recover costs."

■ The correct total of respondents' cost bill is $429.42 (not $399.42), of which $66 is for preparation of the record

138

and $363.42 for printing briefs. It is not contended that these items were not allowable expenditures. Appellant's memorandum of costs, said to constitute a partial setoff, totals $335. Among the items listed therein are $100 for "Petition hearing supreme court from order granting motion dismiss appeal," and $100 for "Petition supreme court from order granting motion to strike portions of briefs." Never having filed the first of the above described documents, appellant manifestly was not entitled to reimbursement or credit therefor. As to the second document, the petition (22 pages in all) was typewritten and therefore not reproduced by "other process of duplication" as that term is defined (rule 40(1), Rules on Appeal), which would make it a recoverable cost item (rule 26(c), Rules on Appeal). However, we comment no further on these matters because, as we hereinafter point out, appellant's sole remedy at this stage of the proceedings is a motion to recall this court's remittitur under rule 25(d), Rules on Appeal. Such motions are granted, though rarely, upon a showing of mistake, fraud or imposition practiced upon the court (*In re McGee,* 37 Cal.2d 6, 10 [229 P.2d 780]). If any of these elements appears herein, the record fails to disclose any fault therefor on the part of the respondents.

"Costs on appeal from superior and municipal courts, formerly provided for by statute, are now entirely governed by rule" (3 Witkin, California Procedure, p. 2400, § 200). The pertinent provisions of the applicable rule are as follows: "Except as hereinafter provided, the prevailing party shall be entitled to his costs on appeal as an incident to the judgment on appeal. In the case of a general and unqualified affirmance . . . the respondent shall be deemed the prevailing party. . . . In any case in which the interests of justice require it, *the reviewing court* may make any award or apportionment of costs which it deems proper" (rule 26(a), Rules on Appeal) (Emphasis added). Obviously, the exercise by a reviewing court of discretion to order such an apportionment assumes the existence of jurisdiction to do so; and that jurisdiction is lost by the issuance of the remittitur. In the present proceeding the remittitur was issued August 4, 1958, and has never been recalled. Appellant's motion, erroneously addressed to the trial court on the apportionment theory, was filed therein on August 27, 1958. We are without power, therefore, to afford appellant any relief in this regard. The reason, a very salutary one, is well stated in *Paine* v. *Bank of Ceres,* 60 Cal.App.2d 621, 623 [141 P.2d 219] : "He (appel-

lant) should not be permitted to wait and see if the court exercises such power (of apportionment) on its own motion, and, if it does not, secure, in effect, a second hearing on a motion to recall the remittitur." (See also *Weck* v. *Los Angeles County Flood Control Dist.*, 89 Cal.App.2d 278, 282-283 [200 P.2d 806].)

Appellant refers to an isolated statement in *Falk* v. *Falk*, 48 Cal.App.2d 780, 786 [120 P.2d 724], to the effect that costs depend on winning the appeal. Its relevance to the present matter is not made apparent; furthermore, the court was there concerned with the applicability of section 1034, Code of Civil Procedure, to the allowance of necessary costs in a pending divorce action (Civ. Code, § 137). Nor is the only other authority cited by appellant, *De Leon* v. *Pacific Mut. Life Ins. Co.*, 186 Cal. 488 [199 P. 789], in point. The appeal therein was from two judgments, one affirmed and the other reversed; and the apportionment of costs "in as equitable a manner as seems practicable" (p. 493) was ordered while the court still retained jurisdiction for such purposes.

For the foregoing reasons, the order denying the motion to strike respondents' cost bill is affirmed; also, the order disallowing appellant's costs on appeal is affirmed.

Wood, P. J., and Fourt, J., concurred.