[Civ. No. 24117.   Second Dist., Div. Two.   Dec. 17, 1959.]

HARRY JEROME WILSON, Appellant, v. BOARD OF RE-
TIREMENT OF THE LOS ANGELES COUNTY
EMPLOYEES RETIREMENT ASSOCIATION et al.,
Defendants; COUNTY OF LOS ANGELES, Respondent.

John J. Guerin for Appellant.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Deputy County Counsel, for Respondent.

Stanley Mosk, Attorney General, and Manly D. Calof, Deputy Attorney General, as Amici Curiae on behalf of Respondent.

HERNDON, J.—Appellant here complains of an order denying his motion to strike a cost bill filed in the court below by respondent county of Los Angeles following our affirmance of a judgment in favor of the county from which appellant had taken an unsuccessful appeal. (*Wilson* v. *Board of Retirement*, 167 Cal.App.2d 229 [334 P.2d 230].) The remittitur provides that respondent recover its costs on appeal. The items here in controversy (the only costs claimed in said bill) cover the costs of preparing respondent's brief and its answer to appellant's petition for a hearing in the Supreme Court on the former appeal.

No question is raised concerning the reasonableness of the amounts claimed for the preparation of these briefs. Appellant's sole contention is that since said briefs were prepared in the office of the county counsel by salaried employees of the county as a part of their regular duties, the costs of their preparation are not recoverable. The parties agree that the correct determination of the precise issue of law thus presented depends upon an interpretation of rule 26 of the Rules on Appeal (50 Cal.2d 1, 23, 24, 25) and its application to the undisputed facts of this case. So far as here pertinent, said rule reads as follows: "(a) [*Right to Costs*] Except as hereinafter provided, the prevailing party shall be entitled to his costs on appeal as an incident to the judgment on appeal . . . (c) [*Items Recoverable as Costs*] The party to whom costs are awarded may recover only the following, when actually incurred: . . . (2) the reasonable costs of printing or reproduction of briefs by other process of duplication. . . ."

The foregoing rule was promulgated by the Judicial Council consistently with section 1034 of the Code of Civil Procedure, which provides in material part: ''In appeals from the superior and municipal courts, costs shall be awarded as provided in rules adopted by the Judicial Council. . . . The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for appeal. . . .''

The essence of appellant's argument is found in the following language of his opening brief: ''Appellant's point in this respect is that no costs were actually incurred because *all* of the services for which costs on appeal are claimed by respondent County—the cutting of the stencil, mimeographing, sorting, and binding—were performed by regular stenographic personnel in the office of the County Counsel as a part of their regular employment, for which they were paid a monthly salary. Neither piece work nor overtime is involved. Appellant submits that the said Rule 26 (c), Rules on Appeal, does not contemplate reimbursement to the employer of a part of a regularly employed salaried stenographer's salary as 'costs on appeal.' ''

The parties agree that the right to recover costs exists solely by virtue of statute; that an award of costs can be justified only if permitted by some statutory provision and that the measure of the statute is the measure of the right. (*Estate of Johnson,* 198 Cal. 469, 471 [245 P. 1089].) Nor is there any argument concerning the correctness of the following principles enunciated in *Moss* v. *Underwriters' Report, Inc.,* 12 Cal.2d 266, 274 [83 P.2d 503]: ''The term 'costs,' it has been said, means 'those fees and charges which are required by law to be paid to the courts, or some of their officers, or the amount of which is expressly fixed by law.' (*Blair* v. *Brownstone Oil & Refining Co.,* 20 Cal.App. 316 [128 P. 1022].) The words 'necessary disbursements' should be similarly construed. Certainly the statute does not contemplate that a defendant must pay all of the successful plaintiff's expenses in connection with the litigation. The code authorizes the allowance of costs only, and the inclusion of 'necessary disbursements' in the section requiring one who claims costs to file a memorandum of them does not authorize a litigant to collect from his unsuccessful adversary the amount of any expense which is not allowable as an item of 'costs.' (*Bond* v. *United Railroads,* 20 Cal.App. 124 [128 P. 786].)''

█ It is clear from the applicable statutory provisions, and the decisions construing them, that the right of a successful litigant to recover from his adversary the amount of any given item of costs depends upon the fulfillment of these four essential conditions: (1) There must be a valid judgment awarding costs to the party claiming them; (2) the item must be one allowed by rule or by statute; (3) the amount claimed must have been actually incurred; (4) the amount claimed must be reasonable. Manifestly, condition (1), (2) and (4) are fulfilled in the instant case. Respondent was awarded its costs; the items in question are allowable items of costs under the provisions of the rule, and it is not denied that the amount claimed is reasonable. Thus the issue narrows to the question whether the county *"actually incurred"* the costs of these briefs within the meaning of the applicable rule.

█ We hold that the determinative question must be answered in the affirmative. To say that the county did not actually incur and pay the expenses involved in the preparation of these briefs would be most unrealistic and contrary to obvious fact. The county expended the money of its taxpayers in paying its employees for the typing, mimeographing and assembling of the briefs just as it did in paying for the paper and the other materials which were used. We agree with the following argument advanced by respondent: ''Since the payment of compensation to an employee who is not an officer is based upon services actually performed, the County paid, as part of their salaries, the employees for their services in typing the stencils, running the copies, and segregating the pages. The right of these employees to recover that portion of their respective monthly salaries properly allocable to the work they did in mimeographing and segregating these briefs was a reasonable cost then actually incurred and later actually paid by the County.''

Neither logic nor common sense dictates that the reasonable cost of a brief should be allowed when incurred by way of sending the manuscript to an independent contractor, but that such reasonable cost should be disallowed when the same work is done in the office of the county counsel or in the office of the state printer. The expenses actually incurred in the latter cases necessarily result from the increased burdens placed upon the staffs of the respective public offices.

█ ''A verified memorandum of costs is *prima facie* evidence that the costs have been necessarily incurred. . . .'' (*Jeffers* v. *Screen Extras Guild, Inc.,* 134 Cal.App.2d 622,

623 [286 P.2d 30]; *Meyer* v. *San Diego*, 132 Cal. 35, 36 [64 P. 124]; *Murphy* v. *F. D. Cornell Co.*, 110 Cal.App. 452, 454 [294 P. 490].) In the instant case the claimed cost of preparing the briefs was computed on the basis of 60c per page. In *Oppenheimer* v. *Robinson*, 163 Cal.App.2d 367 [329 P.2d 318], a charge of $1.67 per page was sustained as a proper item of cost for printing a brief of 14 pages, and in *Oppenheimer* v. *Moebius*, 165 Cal.App.2d 659, 660 [332 P.2d 181], a charge of between $4.40 and $4.60 per page for a printed brief was sustained.

Thus, in the present construction of rule 26 the following canon seems applicable: ". . . Where the language of a statute is susceptible of two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted. (*Goldsmith* v. *Board of Education*, 66 Cal.App. 157 [225 P. 783].) . . .'' (*Uhl* v. *Badaracco*, 199 Cal 270 at 284 [248 P. 917]; *Skelly Estate Co.* v. *San Francisco*, 9 Cal.2d 28 at 36 [69 P.2d 171]; *Jersey Maid Milk Products Co.* v. *Brock*, 13 Cal.2d 620 at 648 [91 P.2d 577]; *Gage* v. *Jordan*, 23 Cal.2d 794 at 800 [147 P.2d 387]; *Warner* v. *Kenney*, 27 Cal.2d 627, at 629 [165 P.2d 889]; *In re La Belle*, 37 Cal.App. 2d 32 at 39 [98 P.2d 778].)

Our recent decision in *Agnew* v. *Cronin*, 167 Cal.App.2d 154 [334 P.2d 256], upon which appellant places his main reliance, does not support his position. The question there presented was whether charges for typing certain documents filed, or otherwise used, in connection with a mandamus proceeding were recoverable as costs. We affirmed an order denying such recovery on the ground that there was no provision in law authorizing recovery of the items claimed. In so deciding, we pointed out that the typist who performed the work was not an official court reporter and that the documents were not prepared pursuant to any court order. We commented that the work performed by the typist "was such as is performed every day in any law office by the stenographic personnel. She was simply the private employee of Agnew just as any stenographer is an employee of the person for whom she works.'' The purpose of the foregoing observation was simply to emphasize the fact that the typist was not acting pursuant to any court order, and had no official status in the proceedings. The essential basis of the decision in *Agnew* v.

*Cronin, supra,* was the complete absence of any statutory provision for the allowance of the items of costs there claimed.
The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.