[No. B026111. Second Dist., Div. Three. Mar. 31, 1988.]

RICHARD LUBETZKY, Plaintiff and Appellant, v.
ROBERT FRIEDMAN et al., Defendants and Respondents.

## COUNSEL

Richard Lubetzky, in pro. per., for Plaintiff and Appellant.

Mark B. Shragge for Defendants and Respondents.

## OPINION

**CROSKEY, J.**—Plaintiff Richard Lubetzky appeals from a February 13, 1987, order denying in part his motion to tax costs on appeal.[1] For the reasons discussed below, we modify the order and affirm it as modified.

### PROCEDURAL BACKGROUND

Plaintiff filed a complaint on July 10, 1984, and on January 22, 1985, he filed a first amended complaint against the following named defendants: Robert Friedman, Erving Friedman, Monica Friedman, Ariel Ganezer, Charles J. Weissberg, and Friedman Roofing Co., Inc., a California corporation. The first amended complaint alleged 11 causes of action in tort.

---

[1] Originally plaintiff also appealed from a March 5, 1987, order which amended nunc pro tunc the trial court's May 20, 1985, order of dismissal. Plaintiff has since abandoned that portion of his appeal.

Later, plaintiff filed a request for dismissal as to the 11th cause of action only.

Demurrers were filed by all but the corporate defendant. The trial court sustained the demurrers to the fifth, sixth, seventh, eighth and ninth causes of action, without leave to amend, on the grounds stated in the moving papers and sustained the demurrers to the first, second, third, fourth and tenth causes of action on the grounds stated therein, with thirty days to amend. Plaintiff did not amend.

Plaintiff filed an ex parte application for an order of dismissal. On May 20, 1985, the court made and filed an order dismissing the action pursuant to Code of Civil Procedure section 581, subdivision (c). Plaintiff filed a timely notice of appeal from the order of dismissal. This court affirmed that order, awarding costs on appeal to defendants.

On December 3, 1986, certain of the defendants (hereinafter the defendants) served plaintiff with their memorandum of costs on appeal. Thereafter plaintiff noticed a motion to tax those costs, which defendants opposed. The motion was heard on February 13, 1987, and the trial court granted plaintiff's motion in part by reducing certain of defendants' claimed expenses and allowing the others. It is from this order that plaintiff now appeals.

### Factual Background

Defendants' memorandum of costs on appeal included, inter alia, $1,588.01 for "printing of briefs." The record reflects that of this $1,588.01, the sum of $1,280 was for secretarial typing services for defendants' (1) appeal brief, (2) answer to plaintiff's petition for rehearing, and (3) answer to plaintiff's petition for review; the remaining $308.01 was for photocopying, collating and binding those documents.[2] (Hereinafter defendants' brief and answers will be referred to collectively as their "briefs.")

Also included in the challenged cost bill were expenses associated with transmitting two of defendants' briefs to this court from San Francisco, where defendants' attorney practices. The claimed cost was $178 for each brief. The record reflects that each of these costs was for the attorney's round trip air fare and ground transportation, incurred to allow him personally to file the briefs with this court.

In his declaration filed in opposition to the motion to tax costs, defendants' attorney stated he had obtained a price quotation from a printer in San

---

[2] Defendants' attorney submitted, with his declaration in opposition to plaintiff's motion, invoices for the typing service, totalling $1,280, his checks to the typing service totalling $1,005 and invoices for photocopying services totalling $308.01.

Francisco and based on that quotation, it would have cost $5,940 to print defendants' briefs. He further stated that although he has a sister who lives in the Los Angeles area, his two trips to Los Angeles were solely for the purpose of filing the briefs. The attorney also submitted evidence that San Francisco attorney services would have charged $133 per brief to hand deliver and file the briefs with this court and personally serve them on plaintiff and the other defendant.

At the hearing on plaintiff's motion the trial court allowed $1,432.38 for typing and photocopying defendants' briefs and $133 for each trip made to file them.[3] The trial court declined to award plaintiff sanctions, finding that defendants had not acted in bad faith in opposing his motion to tax.

## CONTENTIONS ON APPEAL

Plaintiff's contentions on appeal are three.

First, plaintiff asserts that the cost claimed by defendants for the typing of their briefs is not properly recoverable under the provisions of California Rules of Court, rule 26(c),[4] which allows costs incurred for the reproduction of briefs.

Second, plaintiff contends that the travel expenses associated with the filing of defendants' briefs are not recoverable because they are personal expenses of defendants' attorney and were not necessarily incurred.

Finally, plaintiff claims that the trial court abused its discretion when it refused to award him sanctions. Plaintiff claims that defendants and their attorney acted in bad faith in opposing his motion to tax costs. He asserts that the points and authorities filed in opposition to his motion were frivolous and made for the sole purpose of harassing him.

## DISCUSSION

██ Pursuant to former Code of Civil Procedure section 1034 (repealed in 1986, now see rule 26(d)), defendants served and filed a verified

---

[3] Although the minute order does not reflect the trial court's basis for disallowing part of the costs of preparing defendants' briefs, it appears from the record that defendants' costs included payment for more than the required number of copies of these documents. On appeal plaintiff does not challenge the cost of the photocopy service.

[4] Hereafter, all references to rules shall be to the California Rules of Court.

memorandum of costs on appeal, thereby presenting a prima facie case for those costs. Plaintiff then had the burden of overcoming that case in his motion to tax. (*Pratt* v. *Robert S. Odell & Co.* (1944) 63 Cal.App.2d 78, 81 [146 P.2d 504].) The trial court found that he was only partially successful in meeting that burden. We agree.

### 1. *Defendants May Recover the Cost of Typing Their Briefs*

■ It is settled law that costs on appeal from municipal and superior courts, although formerly governed by statute, are now governed by the California Rules of Court. (*Regents of University of California* v. *Morris* (1970) 12 Cal.App.3d 679, 684 [90 Cal.Rptr. 816] disapproved on another point in *Ralph's Chrysler-Plymouth* v. *New Car Dealers Policy & Appeals Bd.* (1973) 8 Cal.3d 792, 796-797 [106 Cal.Rptr. 169, 505 P.2d 1009].)[5] In the instant case, the parties agree that with respect to the typing costs claimed by defendants, rules 26(c) and 40(*l*) control.[6]

■ In presenting arguments on the issue of typing costs, plaintiff relies on *Eagle Oil & Refining Co.* v. *Prentice* (1942) 55 Cal.App.2d 161 [130 P.2d 130]; *Agnew* v. *Cronin* (1959) 167 Cal.App.2d 154 [334 P.2d 256]; and *Lavine* v. *Jessup* (1959) 175 Cal.App.2d 136 [345 P.2d 505]. Defendants rely on *Wilson* v. *Board of Retirement* (1959) 176 Cal.App.2d 320 [1 Cal.Rptr. 373]. These four cases were decided prior to the amendment of rule 40(*l*) in 1982. (*Ante,* fn. 6.)

*Eagle Oil & Refining Co.* v. *Prentice,* wherein the court denied costs of typing the text of a brief, is distinguishable from the instant case because it involved both a printing charge and a separate typing charge. *Agnew* v. *Cronin* involved "charges for typing various papers and documents and copies thereof." (*Agnew* v. *Cronin, supra,* 167 Cal.App.2d at p. 156.) The

---

[5] Both former Code of Civil Procedure section 1034 (repealed by Stats. 1986, ch. 377, § 14) and current section 1034, subdivision (b), (added by Stats. 1986, ch. 377, § 15) provide that allowable costs on appeal shall be established by rules approved by the Judicial Council.

[6] Rule 26(c) provides in pertinent part: "The party to whom costs are awarded may recover only the following, when actually incurred: . . . (2) the reasonable cost of printing or reproduction of briefs by other process of duplication; . . ."

Rule 40(*l*) provides: "The terms 'other duplication process' and 'other process of duplication' mean any reproduction of typewriting (except typewriter ribbon and carbon copies) which produces a clear black-on-white image equally legible to a ribbon copy of typewriting with a well-inked ribbon."

Prior to its amendment in 1982, rule 40(*l*) read: "The terms 'other duplication process' and 'other process of duplication' mean ditto, mimeograph or other method of duplication (except typewriting) which will produce clear copies equally legible to printing."

*Agnew* court properly denied those charges since duplication by mere type-writing was not allowed by rule 40(*l*). For the same reason, the court in *Lavine* v. *Jessup* did not allow the cost of Mr. Lavine's petition. On the other hand, the court in *Wilson* v. *Board of Retirement* allowed costs for typing the stencil used to mimeograph the respondent's brief because rule 40(*l*) specifically allowed costs of briefs produced by mimeograph. Obviously, an essential part of the process of reproduction by mimeograph is typing the mimeograph stencil. Further, *Wilson* acknowledged the holding in *Agnew* v. *Cronin* but found it no barrier to allowing the cost of typing the stencil. Thus, *Eagle Oil, Agnew* and *Lavine* do not support plaintiff's contentions regarding the cost of typing defendants' briefs.

When rule 40(*l*) was amended, the Judicial Council declined to enumerate, in new rule 40(*l*), specific methods of reproduction, apparently because more and more methods of reproducing printed matter are being developed as technology advances. ██ However, the proscription against typewriter ribbon copies remains and carbon copies are also now proscribed.[7] What then of the method chosen by defendants here to reproduce their briefs—the photocopying of typed pages? It is a process of reproduction not common in 1959, when *Agnew* v. *Cronin, supra,* 167 Cal.App.2d 154, *Lavine* v. *Jessup, supra,* 175 Cal.App.2d 136 and *Wilson* v. *Board of Retirement, supra,* 176 Cal.App.2d 320 were decided.[8]

Rule 26(c) speaks of printing and *other* processes of duplication. In all methods of duplication, some form of typing or typesetting is essential. (Rules 15(b), (c) & (d), 44(a) & 40(i).) Just as the mimeograph and ditto reproduction processes necessarily involve the initial step of typing a stencil and just as printing necessarily involves typesetting, so also the reproduction process of photocopying necessarily involves typing the pages to be copied. We see no reason to construe rule 26(c) to allow the cost of a printer's typesetting and the cost of typing mimeograph and ditto stencils but not the cost of typing pages for photocopying.[9] ██ To exclude the latter cost would not further the obvious intent of rules 15, 44(a) and 40(i), which is simply to assure briefs of good visual quality.

---

[7] We construe the term "typewriter ribbon copies" to mean copies obtained by the process of retyping the text of a brief, motion, petition, etc. until the required number of copies are obtained.

[8] Xerox Corporation (a pioneer in the field of photocopying) introduced its first office copier in 1958. (2 The New Encyclopaedia Britannica, Micropaedia (15th ed. 1986) p. 873.)

[9] As plaintiff necessarily acknowledged at oral argument, he would have had no legal grounds for objection had defendants decided to have their briefs printed, even though the financial burden would have been nearly 400 percent greater than the amount they actually paid. Certainly we should not adopt plaintiff's construction of the rules, which unnecessarily increases the litigants' expenses on appeal.

■ Thus we construe rule 40(*l*) to permit the recovery of all reasonable costs associated with producing briefs by any process of duplication except typewriter ribbon and carbon copies. Of necessity this includes the cost of typing the final draft of a brief from which copies are then made by photocopying, as well as preparing a brief on a word processor. To adopt plaintiff's construction of rule 40(*l*) would encourage litigants to have their briefs printed rather than duplicated by the more economical process of photocopying.

### 2. The Traveling Expenses Incurred by Defendants' Attorney Are Not Personal Expenses and Were Necessarily Incurred

Rule 26(c) allows recovery of costs incurred in the service, transmission and filing of briefs.[10] ■ Here, defendants' attorney personally transmitted their briefs from San Francisco to Los Angeles and filed them with this court. Defendants do not argue that other means of transmission and filing were unavailable to them. In fact, they acknowledge that an attorney service could have performed these tasks. In arguing against the trial court's allowance of costs for this personal delivery, plaintiff presents two points. He contends that the travel expenses of an attorney have historically not been allowable items of cost and he argues that the travel expenses here were not necessarily incurred.

The cases relied on by plaintiff to support his first argument are distinguishable from the instant case. In *Cooley* v. *Miller & Lux* (1909) 156 Cal. 510 [105 P. 981], *Tasker* v. *Cochrane* (1928) 94 Cal.App. 361 [271 P. 503] questioned on another point in *Reinstein, Land & Katz* v. *Clune* (1973) 30 Cal.App.3d 321, 323 [105 Cal.Rptr. 454] and *Sime* v. *Hunter* (1921) 55 Cal.App. 157 [202 P. 967], the courts acknowledged the difference between costs of litigation (such as transmission and filing fees) and the personal and traveling expenses of an attorney. The *Cooley* court stated that traveling expenses are not *ordinarily* an expense of litigation.

In the typical situation, the attorney is traveling to a deposition or a court, where his personal appearance is necessary and *not* an alternative to something else. Such was the case in *Tasker* and *Sime;* but that is not the case here, where defendants' attorney chose to personally file the briefs

---

[10]Rule 26(c) provides in pertinent part: "The party to whom costs are awarded may recover only the following, when actually incurred: . . . (4) . . . expense of service, transmission and filing of . . . briefs . . . ."

rather than use an attorney service. His travel costs were in lieu of attorney service costs and do not fall into the general category of attorney traveling expenses. Given that the trial court awarded defendants only what it would have cost to have an attorney service personally transmit and file the briefs, ($80 per brief) we see no error in that award. Although defendants could have chosen less costly means to transmit and file their briefs, such as express mail service, this in and of itself will not warrant reversal of the order taxing costs. (*Johnson* v. *Ford Motor Co.* (1970) 9 Cal.App.3d 304, 309 [88 Cal.Rptr. 221] app. dism., cert. den. 400 U.S. 962 [27 L.Ed.2d 381, 91 S.Ct. 367].)

Nor do we agree that the travel expenses were not necessarily incurred. The transmission of the briefs was certainly necessary (rule 14), even if the method of transmission used was not necessary. The focus is on the necessity of transmission itself, not on the means used, although as noted above the means used were reasonable.

In summary, we find nothing improper in the method which defendants used to transmit and file their briefs with this court. We do, however, find excessive the amount which the trial court awarded defendants for conveying copies of their briefs to the other parties in this action.[11]

The trial court awarded the amount which the attorney service would have charged to personally deliver copies of the briefs to plaintiff and to the other defendant, $106. However, the record shows that these parties were not personally served with the briefs. Rather, when defendants' attorney arrived in Los Angeles to file the briefs, he simply mailed copies to them. For this reason, the trial court's February 13, 1987, award for costs must be modified so as to decrease it by $106.

3. *Sanctions*

 Having concluded that the order taxing costs should be affirmed as modified, we must further conclude the trial court did not abuse its discretion in refusing to award plaintiff sanctions under Code of Civil Procedure section 128.5. Defendants' opposition to his motion was clearly meritorious and nothing in the record indicates that it was undertaken for the sole purpose of harassing plaintiff.

---

[11] Although plaintiff did not argue this point in his brief he did raise it in oral argument.

## DISPOSITION

The order taxing costs is modified in accordance with the views expressed herein and is affirmed as modified. Defendants to recover costs on appeal.

Danielson, Acting P. J., and Arabian, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 8, 1988.