**Margaret SPEYER, James McCarthy, and Malcolm Spiro, Plaintiffs,**

v.

**AVIS RENT A CAR SYSTEM, INC., et al., Defendants.**

No. 05CV1039DMS(LSP).

United States District Court, S.D. California.

Oct. 19, 2005.

David B. Zlotnick, Law Offices of David B. Zlotnick, San Diego, CA, for Plaintiffs.

William P. Donovan, Jr., DLA Piper Rudnick Gray Cary, Los Angeles, CA, for Defendants.

**ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR IMPROPER VENUE; AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

[Doc. No. 17]

SABRAW, District Judge.

Plaintiffs Margaret Speyer, James McCarthy, and Malcolm Spiro bring this class action on behalf of all California residents who reserved rental cars from Defendants Avis Rent a Car System, Inc. ("Avis") and Budget Rent a Car System, Inc. ("Budget") for use in other states. Plaintiffs allege that Defendants violated California Civil Code § 1936 and California Business and Professions Code § 17200 by quoting and charging airport concession recovery fees to California residents who, while in California, made advance reservations for car rentals at out-of-state airport locations.

Presently before the Court is Defendants' motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). Defendants move to dismiss the FAC for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, Defendants move to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court heard oral argument on September 22, 2005. Vincent D. Slavens, Esq., David B. Zlotnick, Esq., and Eric Benink, Esq. appeared on behalf of the Plaintiffs. William P. Donovan, Esq. appeared on behalf of all Defendants. For the reasons discussed below, the Court denies Defendants' motion to dismiss for improper venue and grants with prejudice Defendants' motion to dismiss for failure to state a claim.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Defendants are national car rental companies that operate at numerous locations throughout the United States. Defendants each maintain a principal place of business in Parsippany, New Jersey, and are incorporated in Delaware. In addition, Defendants are registered to do business in the State of California and they regularly transact business throughout the state.

Defendants own car rental businesses at both airport and non-airport locations. Nearly 80% of Defendants' domestic revenue, however, comes from car rentals at airport locations. In return for the right to operate at these airport locations, car rental companies are required to pay concession fees to the airports. At most airport locations, Defendants surcharge their customers an airport concession recovery fee (approximately 11.1% of the base rental rate) to recoup the fees they pay to airports. (FAC, at ¶ 11). Rental car companies whose branches are not located at airports are not required to pay concession fees, and therefore, do not pass on such fees to their customers.

Since 1997, Defendants have charged the concession recovery fees as a separate charge from the base car rental rate, in a practice commonly known as "unbundling" the charges. According to Plaintiffs, Defendants unbundle these surcharges from their base rental rate to better compete with off-site rental agencies and to reduce their advertised base rental rates (thus misleading customers about the true rental rate). (FAC, at ¶ 11). The practice of unbundling fees is not without criticism, as it can result in customer confusion about the actual rental rate, depending on how the charges are unbundled and when the renter is informed about the charge. According to the National Association of Attorneys General ("NAAG") Task Force on Car Rental Industry Advertising and Practices, "[c]onsumers find it virtually impossible to rent an automobile for the advertised price ... due to the unbundling of mandatory charges in car rental advertising ...." (*See* Plaintiffs' Opposition to Motion to Dismiss at 3.)

While forty-six states do not have express laws prohibiting car rental companies from quoting and charging airport concession recovery fees, California, Illinois, Hawaii, and New York have passed laws prohibiting such practices. In 2002, California prohibited the practice of quoting and charging airport concession recovery fees in Civil Code § 1936(n).

On May 13, 2005, Plaintiffs filed a Class Action Complaint against six national rental car companies on behalf of all California residents "who, while in California, reserved rental cars from Defendants for use in other states; at the time of the reservations, Defendants quoted and then later charged Plaintiffs airport concession recovery fees prohibited by Civil Code Section 1936(n)(1)." (FAC, at ¶ 6). Plaintiffs contend Defendants' practice of quoting and charging such fees violates Civil Code § 1936(n)(1) and constitutes an unlawful and unfair business practice under California Business and Professions Code § 17200. In addition to the recovery of airport concession fees, Plaintiffs seek injunctive relief to prohibit Defendants from quoting and charging California residents such fees in the forty-six states that do not proscribe such practices.

On August 5, 2005, Plaintiffs filed their FAC, narrowing the claims in the original complaint to two of the six car rental companies, Defendants Avis and Budget. On August 17, 2005, Defendants filed their motion to dismiss the FAC for improper venue and failure to state a claim. On September 2, 2005, Plaintiffs filed an Opposition, and Defendants thereafter filed a reply.

## II.

### DISCUSSION

### A. Motion to Dismiss for Improper Venue

#### 1. *Legal Standard for Motion to Dismiss Under Rule 12(b)(3)*

Venue is proper in any judicial district where any defendant resides, if all defen-

dants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). For venue purposes, a corporation is deemed to reside in any judicial district where it would be subject to personal jurisdiction, and in states such as California that have more than one judicial district, a corporation is deemed to reside in any district within the state with which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate state. 28 U.S.C. § 1391(c).

Motions to dismiss based on a forum selection clause are treated as a Rule 12(b)(3) motion to dismiss for improper venue. *See Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996). Under the Supreme Court's standard for resolving such motions, the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis, and the court may consider facts outside the pleadings. *Id.* If contested facts bearing on the enforceability of the forum selection clause exist, the court is obligated to draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *Murphy v. Schneider National, Inc.,* 362 F.3d 1133, 1138 (9th Cir.2004). If the facts asserted by the non-moving party are sufficient to preclude enforcement of a forum selection clause, the non-moving party survives a 12(b)(3) motion. Alternatively, if material facts are in dispute, the court may hold the motion in abeyance until it resolves disputed facts in a pre-trial evidentiary hearing. *Id.* at 1139.

### 2. Analysis of Defendants' 12(b)(3) Claim

■ Defendants argue Plaintiffs are bound by the "Terms of Use" posted on their Internet web sites, which require Plaintiffs to bring all claims against Defendants in New Jersey. Specifically, Defendant Avis refers to its Terms of Use provision: "Any action you, any third party or Avis, brings to enforce these Terms, or in connection with any matters related to this Web Site, shall be brought only in either the state or Federal courts located in New Jersey and you expressly consent to the jurisdiction of said courts." (*See* Terms of Use, *at* http://www.avis.com/AvisWeb/home/AvisHome.) Defendant Budget has a similar provision in its web site. (*See* Budget Terms of Use, *at* http://www.budget.com /budgetWeb/html/en/customer/termsofuse.html.) Defendants argue Plaintiffs are contractually bound by the forum selection clause, and the FAC should therefore be dismissed without prejudice to allow Plaintiffs to pursue their claims against Defendants in New Jersey.

Plaintiffs contend they are not bound by Defendants' forum selection clause for three reasons. First, they argue the forum selection clause is inapplicable because they did not access Defendants' web sites when they made their car rental reservations. Rather, Plaintiffs claim that all quotations and reservations were made through travel agents and toll-free telephone lines. Thus, Plaintiffs contend they are not bound by the forum selection clause as they neither saw nor agreed to such terms. Second, Plaintiffs argue that even if they had visited Defendants' web sites, they are not bound by the forum selection clause because they were not required to accept its conditions by clicking "I Accept" to receive a quote or to make a reservation for a rental car. Plaintiffs therefore contend they never accepted the Terms of Use and are not bound by the terms. Finally, Plaintiffs contend the forum selection clause should not be enforced against them because Defendants' Terms of Use apply only to Internet-related disputes. This dispute, according to Plaintiffs, is not Internet related.

As an initial matter, Defendants argue the forum selection clause is enforceable against *all* potential class Plaintiffs. For purposes of this motion, however, the Court declines to address this issue. At this stage, the Court must determine only whether the forum selection clause is applicable to the *named* Plaintiffs, and if so, whether the clause can be enforced against them. *See Barth v. Firestone Tire and Rubber Co.,* 661 F.Supp. 193 (N.D.Cal. 1987) (courts generally consider only claims of named plaintiffs in ruling on motion to dismiss class action complaint prior to class certification).

In opposing Defendants' motion, Plaintiffs support their arguments with evidence that Defendants do not dispute: Plaintiffs did not reserve rental cars through Defendants' web sites (*See* Declarations of Margaret Speyer, James McCarthy, and Malcolm Spiro, at ¶ 2); all reservations were made through independent travel agents or Defendants' toll-free telephone lines (*id.*); and Defendants' rental car contracts do not contain a forum selection clause that requires customers to bring claims against Defendants in New Jersey. (*See* Exhibit A attached to Zlotnick Declaration). Based on this evidence, Plaintiffs have established for purposes of this motion that they never agreed to a forum selection clause when they made their car rental reservations. The Court therefore finds that Plaintiffs are not subject to the forum selection clause.[1]

### B. Motion to Dismiss for Failure to State a Claim

#### 1. Legal Standard for a Motion to Dismiss under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. Fed.R.Civ.P. 12(b)(6). *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds* by *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (citations and internal quotation marks omitted).

#### 2. Analysis of Plaintiffs' Section 1936 Claim

Plaintiffs allege Defendants have violated § 1936(n)(1) of the California Civil Code by quoting and charging a rental rate that includes a separate, additional airport concession recovery fee to residents in California when they rent vehicles out-of-state. In analyzing this claim, it is important to recognize what Plaintiffs do *not* claim.

---

**1.** In light of this ruling, Defendants' alternative arguments regarding enforceability of the forum selection clause are not addressed.

They do not allege Defendants have violated § 1936(n)(1) when renting vehicles at airport locations *in* California; there is no dispute that Defendants have complied with the statute when renting vehicles in California. Rather, Plaintiffs allege Defendants violated the statute by quoting and charging airport concession fees to California residents when these residents, while in California, made advance reservations for rentals at *out-of-state* airport locations. In other words, Plaintiffs contend that Defendants comply with California law when making reservations for rentals in California, but avoid California law when making reservations with California residents for out-of-state rentals.

In response, Defendants assert they are not subject to liability under § 1936 for quoting and charging airport concession fees at locations outside California because the statute does not regulate out-of-state transactions. In addition, Defendants argue that even if § 1936(n)(1) could be interpreted as applying extraterritorially, application of the statute to out-of-state rentals would violate fundamental principles of federalism and state sovereignty, and would be unconstitutional under the Commerce Clause of the United States Constitution.

Defendants' first argument concerning the scope of the statute is persuasive. The question presented is whether Civil Code § 1936(n)(1) applies to car rental transactions outside California? The statute itself and its neighboring provisions establish that the statutory scheme is limited to California transactions.

Section 1936(n)(1) provides:

*A rental company shall only advertise, quote, and charge a rental rate that includes the entire amount except taxes, a customer facility charge, if any, and a mileage charge, if any,* which a renter must pay to hire or lease the vehicle for the period of time to which the rental rate applies. *A rental company may not charge in addition to the rental rate, taxes, a customer facility charge, if any, and a mileage charge, if any,* any fee which must be paid by the renter as a condition of hiring or leasing the vehicle, such as, but not limited to, required fuel or *airport surcharges other than customer facility charges,* nor any fee for transporting the renter to the location where the rented vehicle will be delivered to the renter.

Cal. Civ.Code § 1936(n)(1) (emphasis added).

Accordingly, § 1936(n)(1) expressly prohibits car rental companies from (a) advertising, quoting or charging a rental rate that does not include the entire amount (less certain specified items, such as taxes, customer facility charges, and mileage), and (b) charging airport surcharges other than customer facility charges. What is not expressed, however, is whether § 1936(n)(1) applies outside California. There is no explicit reference within the statutory provision concerning its geographic reach.

▇▇ In construing a statute, it is axiomatic that the Court first looks to the language of the statute itself. *See People v. Knowles,* 35 Cal.2d 175, 182, 217 P.2d 1 (1950). It is also helpful to consider related statutory provisions, contained within the same chapter as the statute under scrutiny. *See Krumme v. Mercury Ins. Co.,* 123 Cal.App.4th 924, 20 Cal.Rptr.3d 485, 498 (2004) (courts do not construe statutes in isolation, but rather read every statute with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness). Moreover, in analyzing a statute for extraterritorial affect, California courts have long held that "a court should not ordinarily construe a statute as regulating occurrences outside the state *unless a con-*

*trary intention is clearly expressed or reasonably can be inferred* from the language or purpose the statute." *See J.P. Morgan & Co., Inc. v. Superior Court,* 113 Cal. App.4th 195, 221, 6 Cal.Rptr.3d 214 (2003) (emphasis added); *North Alaska Salmon Co. v. Pillsbury,* 174 Cal. 1, 4, 162 P. 93 (1916) (presumption against extraterritorial application of California statutes precluded recovery under California's workers' compensation statute for California resident injured in Alaskan waters).

■ Turning first to the language of § 1936(n)(1), it is notable that the text of the statute does not express an intent to regulate out-of-state transactions. The statute makes no reference to its intended applicability outside California. Because there is no clearly expressed intent to regulate car rental transactions outside California, the next step in deciphering statutory intent is to determine whether such an intent can be inferred from the language or purpose of the statute. This expedition into the statute's terms and related provisions leads inexorably to the conclusion that the statute does not apply outside California.

The only term within § 1936(n)(1) that provides insight into the statute's intended geographic scope, does so indirectly. Section 1936(n)(1) includes the term "customer facility charge." That term is defined in a neighboring provision, § 1936(a)(4), which generally provides that a "customer facility charge" is a fee required by an airport to be collected by the rental car company from a renter to recoup the airport's costs for constructing car rental facilities and providing transportation to passengers who move between airport terminals and the car rental facilities.[2] A related provision, § 1936(a)(4)(B), limits the amount that may be collected for such fees by the airport "to the reasonable costs, as determined by an independent audit paid for by the airport, to finance, design, and construct those [car rental] facilities."[3] That provision further directs to whom the airports shall provide the audits and limits the uses to which airports may use such fees. In so directing, the geographic focus of the statute becomes clear.

Section 1936(a)(B)(4) provides that (a) "audit[s] shall be provided to the Assembly and Senate Committees on Judiciary and Committees on Transportation", and (b) at "the Burbank Airport, and at all other airports", customer facility charges may not be used to pay for "terminal expansion, gate expansion, runway expansion, changes in hours of operation, or changes in the number of flights arriving or departing from the airport." By directing airport audits to the "Assembly and Senate", the statute refers to well-known committees of the *California* assembly and senate. Moreover, the California Legislature

---

**2.** Section 1936(a)(4) states, " 'Customer facility charge' means a fee required by an airport to be collected by a rental company from a renter for any of the following purposes: (i) ... to finance, design, and construct consolidated airport car rental facilities. (ii) ... to finance, design, construct, and provide common use transportation systems that move passengers between airport terminals and those consolidated car rental facilities."

**3.** Section 1936(a)(4)(B) states, "The aggregate amount to be collected may not exceed the reasonable costs, as determined by an independent audit paid for by the airport, to finance, design, and construct those facilities. Copies of the audit shall be provided to the *Assembly and Senate Committees on Judiciary and Committees on Transportation* ... [T]he audit shall also consider the reasonable costs of providing the transit system or busing network. *At the Burbank Airport, and at all other airports,* the fees designated as a Customer Facility Charge may not be used to pay for terminal expansion, gate expansion, runway expansion, changes in hours of operation, or changes in the number of flights arriving or departing from the airport." (Emphasis added).

would have no authority to mandate (and presumably no interest in mandating) audits by airports in forty-nine other states. *See Conderback, Inc. v. Standard Oil Co.,* 239 Cal.App.2d 664, 677, 48 Cal.Rptr. 901 (1966) (state's "regulatory power is necessarily limited to activities carried on within the territorial limits of such state.")

In addition, applying general principles of statutory construction to the phrase "all other airports," it is evident the phrase applies to airports *in* California. This interpretation of the phrase becomes apparent given the juxtaposition of the phrase ("all other airports") to the Burbank, California airport, audits, audit reviews by committees of the state senate and assembly, and limitations on the uses of customer facility charges. *See In re U.S. for an Order Authorizing Roving Interception of Oral Communications,* 349 F.3d 1132 (9th Cir.2003) (where general words follow specific words in statutory enumeration, general words are construed to embrace only objects similar in nature to those objects enumerated by preceding specific words). It can therefore be reasonably inferred from the language and purpose of the statutory scheme, that the California Legislature did not intend to regulate car rental transactions outside California. *See J.P. Morgan & Co., Inc.,* 113 Cal.App.4th at 221, 6 Cal.Rptr.3d 214.

Because § 1936(n)(1) neither explicitly nor implicitly regulates car rental transactions outside California, this Court declines to read such an expansive application into the statute. While Plaintiffs contend § 1936(n)(1) prohibits quoting and charging concession fees to California residents who, while in California, arrange for out-of-state rentals, such a reading of the statute would lead inevitably to the general requirement that car rental agencies

across the country first decipher the residency of the renter and then, if the renter is a California resident, apply California law to the transaction, rather than the law of the state in which the vehicle is rented. Section 1936(n)(1) cannot fairly be read to require such a result.

Rather, a careful review of the statute leads this Court to conclude that the statute only prohibits rental agencies from quoting or charging concession recovery fees to customers, regardless of citizenship, who rent vehicles *within* California. This is consistent with Defendants' current practices, basic principles of federalism and comity, and California law in related fields. *See People v. One 1953 Ford Victoria,* 48 Cal.2d 595, 598–99, 311 P.2d 480 (1957) (California law regulating automobile financing cannot be applied to Texas transaction; person financing sale of automobile in Texas "cannot reasonably be expected to familiarize himself with and comply in Texas with the statutes of the 48 or more jurisdictions into which the automobile could possibly be taken...."); *Diamond Multimedia Systems, Inc. v. Superior Court,* 19 Cal.4th 1036, 1063–64, 80 Cal. Rptr.2d 828, 968 P.2d 539 (1999) (*non-*California residents have right of action in California under California statute so long as "out-of-state parties [are] harmed by wrongful conduct occurring in California.")

Because Plaintiffs' § 1936(n)(1) claim is based solely on car rental transactions that occurred outside California, a circumstance the statute does not reach, Plaintiffs cannot allege a claim against Defendants under the statute. Accordingly, Defendants' motion to dismiss this claim is granted with prejudice.[4]

---

4. Because this Court's finding on the scope of the statute is dispositive, Defendants' alternative arguments regarding federalism, state sovereignty, and the commerce clause are not further addressed.

### 3. Analysis of Plaintiffs' UCL Claim

In addition to their § 1936 claim, Plaintiffs allege that Defendants' practice of quoting and charging airport concession fees to California residents who rent vehicles at out-of-state airport locations constitutes an unlawful and unfair business practice within the meaning of California Business and Professions Code §§ 17200 et seq. (the "UCL"). Plaintiffs base their UCL claim on two grounds. First, Plaintiffs contend Defendants have engaged in "unlawful" business practices by violating Civil Code § 1936(n)(1). Second, Plaintiffs contend that Defendants have engaged in "unfair" business practices in that they "quote and charge a base rental rate *and* a separate, additional airport concession recovery fee. When Defendants impose such surcharges on their customers, it is merely a means for them to bill separately for a part of their overhead and it misleads customers about the true rental rate." (FAC, at ¶ 4). Based on these allegations, Plaintiffs seek to enjoin Defendants from quoting and charging airport concession fees to California residents who, while in California, make advance reservations for rental transactions at out-of-state airport locations.

■ The UCL states, in relevant part, "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof.Code § 17203. As noted in *Cruz v. PacifiCare Health Systems, Inc.,* 30 Cal.4th 303, 133 Cal.Rptr.2d 58, 66 P.3d 1157 (Cal.2003), "[t]he UCL is intended to proscribe 'unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising ....'" *Id.* at 315, 133 Cal. Rptr.2d 58, 66 P.3d 1157. The UCL covers a wide range of conduct; it embraces anything that can properly be called a business practice and that at the same time is forbidden by law. *Korea Supply Co. v.*

*Lockheed Martin Corp.,* 29 Cal.4th 1134, 1143, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003). Finally, as California courts have noted, the UCL clearly contemplates extending the protections of the unfair practices law to consumers. *Churchill Village, L.L.C. v. General Elec. Co.,* 169 F.Supp.2d 1119, 1126 (N.D.Cal.2000).

■ Plaintiffs argue the UCL applies because it regulates out-of-state unlawful or unfair business practices that injure California residents. While the text of the UCL is silent as to the intended geographic application of the statute, Plaintiffs cite two cases for the proposition that California residents may assert a UCL claim even though the defendants' wrongful conduct occurred outside California: *Norwest Mortgage, Inc. v. Superior Court,* 72 Cal. App.4th 214, 85 Cal.Rptr.2d 18 (1999), and *Yu v. Signet Bank,* 69 Cal.App.4th 1377, 82 Cal.Rptr.2d 304 (1999).

In *Norwest,* the principal issue addressed by the court was whether nationwide class certification was properly granted under the UCL for claims of non-California residents arising out of allegedly unfair insurance practices occurring outside of California. In reversing the trial court's grant of class certification to these potential class members, the court in *Norwest* started with, and ultimately rested on, the presumption that the state "Legislature did not intend the statutes of this state to have force or operation beyond the boundaries of the state." *Norwest,* 72 Cal.App.4th at 222, 85 Cal.Rptr.2d 18 (citing *North Alaska Salmon,* 174 Cal. at 1, 162 P. 93). The court noted that, "Plaintiffs do not cite any pertinent California authority construing the UCL as applicable to claims of non-California residents injured by conduct occurring beyond California's border." *Id.* at 223–24, 85 Cal. Rptr.2d 18. The court therefore concluded the trial court erred in granting nation-

wide class certification to non-California residents who suffered no injury in California and who were harmed by the defendant's out-of-state conduct. *Id.* at 224–25, 85 Cal.Rptr.2d 18. While the *Norwest* court also held that California residents and non-residents could state a claim under the UCL regardless of where the defendant's wrongful conduct occurred, it noted that the *injury* to these class members *occurred in* California. *Id.* at 224, fn. 12, 85 Cal.Rptr.2d 18 ("out-of-state conduct causing injury within the state could be enjoined, but … the statute [does] not regulate out-of-state conduct causing out-of-state injury.")

Similarly, the court in *Yu* allowed a claim under the UCL by a California resident who was targeted in California by an out-of-state lender and subjected to draconian debt collection practices in Virginia. *Yu,* 69 Cal.App.4th at 1381–82, 82 Cal. Rptr.2d 304. In allowing the claim, the court stated, "a defendant who … engages in out-of-state conduct that injures a California resident may be held liable for such conduct in a California court." *Id.* at 1391, 82 Cal.Rptr.2d 304. Accordingly, read together, *Norwest* and *Yu* stand for the proposition that the UCL applies to wrongful conduct that occurs out-of-state but results in injury in California, regardless of the injured party's citizenship.

Plaintiffs claim the UCL applies because Defendants' out-of-state unlawful and unfair rental practices injured them while they "were in California." (FAC, at ¶ 6). To the extent Plaintiffs claim they received unfair concession fee *quotes* in California for out-of-state rentals, they may have suffered injury in this state and the UCL may apply to Defendants' conduct. However, to the extent Plaintiffs claim they were injured by unfair concession fee *charges,* any injury suffered may have occurred out-of-state where the rental vehicle was located and the transaction was completed. Under *Norwest* and *Yu* the UCL may not apply to the latter circumstance because the out-of-state conduct may not have caused injury in California.[5] In any event, this issue need not be resolved because Plaintiffs have failed to state a claim under the UCL.

As noted, Plaintiffs first argue Defendants have engaged in "unlawful" business practices under the UCL by quoting and charging concession fees to them in violation of § 1936(n)(1). Such practices, however, are not unlawful because § 1936(n)(1) does not apply outside California.

Next, Plaintiffs argue Defendants' practice of quoting and charging airport concession recovery fees to them for rentals outside of California is "unfair" under the UCL. The Court disagrees.

In the FAC, Plaintiffs admit that Defendants disclose the airport concession recovery fees to California customers who make reservations for pick up at out-of-state airport locations. Plaintiffs do not dispute that consumers are *informed* of the additional airport concession recovery fee *at the time* they reserve vehicles through Defendants' web sites, toll-free telephone lines, or independent travel agents. In addition, Plaintiffs do not dispute that consumers are *informed* of the *total* cost of the rental rate for the applicable period of the lease. (FAC, at ¶ 11). Because Defendants disclose the conces-

5. While the UCL applies to out-of-state conduct that injures one in California, and thus may apply to some aspects of Plaintiffs' unfair practices claim, the same cannot be said of Plaintiffs claim under § 1936(n)(1). Plaintiffs have suffered no injury under § 1936 because the statute does not apply to out-of-state rentals. Consequently, Defendants did not engage in wrongful conduct or inflict any injury under § 1936(n)(1) by quoting or charging concession fees to Plaintiffs for out-of-state rentals.

sion fees, as well as the total cost of the rental, Plaintiffs' allegation that Defendants' practices are unfair under the UCL lacks merit.

Defendants' practice of unbundling the airport concession fees as a separate charge does not compel a different result. Plaintiffs' argument that the unbundling of the concession fees misleads customers by lowering the base rate does not make the practice deceptive or unfair. As noted, Plaintiffs do not dispute that Defendants inform customers about the total rental charge for the entire period of the rental *before* they make their reservations. In addition, courts outside California have upheld the right of rental car companies to assess the airport concession fees, as long as the fee is disclosed at the time of the reservation. *See Branson v. Port of Seattle*, 152 Wash.2d 862, 872, 101 P.3d 67 (2004) (en banc); *Robinson v. Avis Rent A Car System, Inc.*, 106 Wash.App. 104, 22 P.3d 818 (2001). If the Court were to reach a contrary result, and prohibit Defendants from quoting and charging such fees to Plaintiffs for out-of-state rentals, Defendants would then be subject to liability to California residents when they rent vehicles in forty-six other states that otherwise allow rental companies to charge concession fees. The Court declines to reach such a result.

Plaintiffs' reliance on *Alamo Rent A Car, Inc. v. Ryan*, 268 Ill.App.3d 268, 205 Ill.Dec. 738, 643 N.E.2d 1345 (1994), also does not compel a different result. In *Alamo*, the Court found that bundling of the charges was necessary to protect customers who were initially quoted and advertised a base rental rate, and then later charged significantly more when they *arrived* at the rental counter. The Illinois Appellate Court noted that "[t]he State has an interest in protecting the public from misleading advertising which hampers the public's ability to make an in-

formed decision on the selection of a rental car." *Id.* Here, however, Plaintiffs do not dispute they were informed of all mandatory charges before they appeared at the rental counter to lease the vehicle. *Alamo* is therefore distinguishable and does not support the claim that Defendants' practice of quoting and charging unbundled concession fees is an unfair business practice under the UCL. Defendants' practices do not involve the "bait-and-switch" tactics that were at play in *Alamo* (and that apparently were the subject of criticism by the NAAG).

In sum, the Court concludes that Defendants' practice of disclosing the airport concession fees as an unbundled charge to consumers who make reservations in California for out-of-state rentals does not constitute an unfair or deceptive business practice under the UCL. Therefore, Plaintiffs have failed to state a claim against Defendants under the UCL. In addition, it is apparent that Plaintiffs' UCL claim cannot be perfected by further leave to amend. Accordingly, Defendants' motion to dismiss this claim is granted with prejudice.

## III.

### CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' FAC for improper venue, and **GRANTS WITH PREJUDICE** Defendants' motion to dismiss Plaintiffs' FAC for failure to state a claim.

**IT IS SO ORDERED.**